(No. 36224.

JOHN C. WEINER *et al., vs.* GEORGE EDER *et al.*—(Edward G. Smith, Appellant, *vs.* Theodore Lieblich, Appellee.)

*Opinion filed May 19, 1961.—Rehearing denied September 20, 1961.*

Robert N. Lipschultz, Charles C. Lipschultz, and Julia M. Hagerty, all of Chicago, for appellant.

George E. Brogan, and Gregory J. Scheurich, both of Chicago, for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

This case arises from special assessment foreclosure proceedings brought in the circuit court of Cook County. Edward G. Smith, the purchaser at the foreclosure sale, filed a petition reciting the expiration of the redemption period and praying for the issuance of a deed. A decree was entered finding, *inter alia,* that the real estate had not been redeemed. The county clerk was directed to issue the deed accordingly. The owner of the property, Theodore Lieblich, thereafter filed a petition to vacate the decree on the ground that he had redeemed the property on the day before the redemption period expired. At the conclusion of a hearing on the petition an order was entered granting the relief requested by the owner. The purchaser at the foreclosure sale appeals directly to this court, a freehold being involved. The issue is whether a valid redemption was made by the giving of an uncertified check which did not clear until after the redemption period expired.

The essential facts are not in dispute. The period of redemption expired Saturday, February 14, 1959. On February 13 appellee deposited with the county clerk a personal

check for the amount due. A receipt was given stating that a certificate of deposit for redemption would not be issued until all checks had been honored by the bank. The clerk wrote on the receipt the figure "5", indicating that five working days would be allowed for clearance. On Monday, February 16 the decree for tax deed was entered, the county clerk's tax, judgment, sale, redemption and forfeiture records showing that no redemption had been made. A deputy clerk testified that nothing was posted on these books with reference to the check until February 26, when there was posted the entry "T. and M. Lieblich redeemed on February 13, 1959."

On February 13, at or about noontime the check was picked up from the county clerk's office for transport to the Continental Illinois Bank of Chicago, which received it on February 16. The check went through the Chicago Clearing House the same day and was paid by the drawee Lombard Bank on February 17. It is not disputed that sufficient funds were on deposit at the bank, and that the check was honored in due course.

Smith contends that redemption from a tax foreclosure is governed by section 253 of the Revenue Act (Ill. Rev. Stat. 1959, chap. 120, par. 734), which requires redemption "before the expiration of two years from the date of sale, by payment in legal money of the United States to the county clerk" and that no redemption could have occurred within two years because the uncertified check was paid on February 17 and the records of the county clerk reflected the payment on February 26, both dates being beyond the February 14, 1959, date when the redemption period expired.

Lieblich contends that section 253 does not apply to redemptions from tax foreclosure sales, that redemptions may be made by personal check and that Smith is in no position to complain.

In *Allen* v. *Nettleton,* 6 Ill.2d 141, we stated that "the

right of redemption from a tax foreclosure sale is governed by section 253 of the Revenue Act." Section 253 requires (1) redemption before the expiration of two years from the date of sale (2) by payment in legal money of the United States to the county clerk.

A check is not "legal money of the United States" within the definition of "money" in section 1 of the Revenue Act. (Ill. Rev. Stat. 1959, chap. 120, par. 482.) Although there appears to be no reason why the county clerk may not receive a personal check (cf. *Weiner* v. *Chicago Title and Trust Company,* 21 Ill.2d 69), such receipt by its nature must be conditional upon payment. (*Peoria and Pekin Union Railway Co.* v. *Buckley,* 114 Ill. 337.) In the present case, the county clerk indicated the conditional nature of the payment (1) by the language on the receipt given to Lieblich that "certificate of deposit for redemption will be issued when all checks rendered with redemption deposit have been honored by the bank," (2) by writing "5" on the check, indicating that an answer as to whether the check had been honored by the bank could be expected in five working days, (3) by issuing a certificate of redemption on February 26, 1959, and (4) by posting the purported redemption in the county clerk's tax, judgment, sale, redemption and forfeiture records on February 26, 1959. Since payment took place when the county clerk acknowledged acceptance of the payment on February 26, 1959, the payment was not made before the expiration of two years from the date of sale, which period expired on February 14, 1959.

Smith is obviously the proper party to raise the objection that redemption has not been made, since the deed to the property was issued to him as the purchaser at the tax foreclosure sale and the order of the circuit court of June 30, 1960, which is hereby reversed, would have nullified his deed.

*Order reversed.*