**The John Allan Company, Petitioner-Appellant, v. Sesser Concrete Products Company, Respondent-Appellee.**

**Gen. No. 68–70.**

Fifth District.

October 27, 1969.

Rehearing denied November 14, 1969.

Blair & Buyer, of Chicago, and Lawrence J. Starman, of Mt. Vernon (Allan L. Blair and Lawrence J. Starman, of counsel), for appellant.

Hodson & Pennock, of Centralia (Glendon C. Hodson and Harold H. Pennock, Jr., of counsel), for appellee.

MORAN, J.

The John Allan Company, petitioner-appellant, appeals from an order entered March 28, 1968, by the Circuit Court of Jefferson County which denied its application, as tax purchaser, for a tax deed to certain real estate, and further denied its motion to expunge an alleged

redemption by Sesser Concrete Products Company, respondent-appellee.

On October 5, 1964, the following described property was sold at public auction to The John Allan Company's assignor, Interstate Bond Company, for the unpaid 1963 general real estate taxes:

Lots 11 and 12, Block 1, Storm's Survey, Mt. Vernon Township, Jefferson County, Illinois.

Interstate also paid the 1964, 1965 and 1966 general real estate taxes which subsequently became due and payable against the subject property.

Normally, the period of redemption would have expired two years from the date of sale, or on October 5, 1966. However, on September 27, 1966, pursuant to section 263 of the Illinois Revenue Act (Ill Rev Stats 1965, c 120, par 744), which authorizes the holder of a certificate of purchase to extend the period of redemption, Interstate extended the period of redemption to Saturday, August 12, 1967.

Prior to the extension of the redemption period, on December 27, 1965, Sesser filed a complaint to foreclose a note secured by a trust deed on the subject property to the City National Bank of Centralia. Neither the John Allan Company nor its assignor, Interstate Bond Company, were made a party to the mortgage foreclosure proceeding.

On February 28, 1967, a decree of mortgage foreclosure was entered, but this decree was not recorded. The decree provided that the real estate should be sold unencumbered and free of all liens for taxes.

On April 6, 1967, Interstate filed a petition for tax deed. Thereafter, timely notice was personally served upon the owners of the subject property, the party in whose name the real estate was last assessed, the occupants thereof, and the trustees and mortgagees of record. Timely publication was made as to all unknown own-

ers or parties interested in such real estate. Sesser was not given personal notice.

On August 2, 1967, after the period provided for serving notices, a mortgage foreclosure sale was held on the subject property and the property was sold to Sesser who received a certificate of sale. The report of sale was filed and approved on August 11, 1967.

On August 11, 1967, the 1966 real estate taxes in the amount of $512.55 were paid by Sesser in the County Treasurer's Office. On that same day, an uncertified check, drawn on the account of the Sheriff of Jefferson County, pursuant to the court decree in the foreclosure proceedings, was delivered to the County Clerk by the Sheriff in the amount of $1,908.53, the amount required to redeem at the date of the foreclosure sale. The attorney for Sesser also appeared in the County Clerk's Office on August 11, 1967, and was informed that subsequent to the foreclosure sale additional taxes had become due and after August 10, 1967, the total amount required to redeem had been increased to $2,524; he thereafter attempted unsuccessfully on that date to so advise his client by telephone. Later the same day, the County Treasurer discovered that the 1966 taxes had been paid the previous day by Interstate, but had not been posted. He therefore returned Sesser's check by mail and refused Sesser's payment.

On Monday, August 14, 1967, Sesser presented a check in the amount of $617.87 along with the check for $1,908.53 in order to redeem the property. Both checks were accepted by the County Clerk and a Certificate of Redemption issued, dated August 14, 1967. It was also on August 14, 1967, that The John Allan Company, assignee of the Certificate of Purchase, was substituted as petitioner.

188

Appellant contends that no redemption was made because the checks in the amount of the redemption price were delivered two days after the expiration of the period of redemption, while appellee contends that the date for the expiration of redemption was Monday, August 14, 1967, and not Saturday, August 12, 1967.

Section 263 of the Illinois Revenue Act (Ill Rev Stats, c 120, par 744) provides that the notices required therein state when the time of redemption will expire. It is undisputed that the notices given by Interstate specified Saturday, August 12, 1967, as the expiration of the extended redemption period.

Until July 1, 1969, Ill Rev Stats, c 131, § 1.11 provided:

> "The time within which any Act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State, and then it shall also be excluded. If the day succeeding such Sunday or holiday is also a holiday or a Sunday then such succeeding day shall also be excluded." [1]

In Pettigrove v. Parro Const. Corp., 44 Ill App2d 421, 194 NE2d 521 (1963) the court applied this statute to a situation where the final day for filing a petition fell on

---

[1] This statute was amended, effective July 1, 1969, to read:

"The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State, and then it shall also be excluded. If the day succeeding such Saturday, Sunday or holiday is also a holiday or a Saturday or Sunday then such succeeding day shall also be excluded."

a Saturday and the Circuit Clerk's office was lawfully closed on that day, saying that, as a practical matter, where an office is closed on the final day for the doing of any act provided by law to be done, that day shall also be excluded and, therefore, filing the petition on the first day on which the Circuit Clerk's office was properly open, following that Saturday, was timely.

In Burgess v. Erickson, 72 Ill App2d 85, 218 NE2d 111, where the last day for filing the record on appeal fell on a Saturday and the clerk's office was closed on that day, the court said at pages 85–86:

> ". . . The time within which the record on appeal must be filed in this court is computed by excluding the first day, that is, the day on which the notice of appeal is filed, and including the last day, unless the last day is a Sunday, a legal holiday, or a day in which the office of the clerk of this court is closed. Ill Rev Stats, c 131, § 1.111; Pettigrove v. Parro Const. Corp., 44 Ill App2d 421, 194 NE2d 521. Accordingly, the filing of the record on appeal herein on Monday, November 8, 1965, was within the time prescribed by law, and therefore the motion to dismiss the appeal is denied."

The statute governing the operation of the County Clerk's office provides that in counties of less than 500,000 population, the office shall be closed on Saturday unless changed by an appropriate resolution passed at a regular meeting of the County Board or Board of Supervisors. Ill Rev Stats, c 35, § 4(b). No such resolution as required by statute was passed to authorize the conducting of business on Saturday.

Although the County Clerk testified that his office was open on that day, from 8:00 a. m. to 12:00 noon, he could have, as easily as not, lawfully closed the office at any

time before noon or refused to open it at all on that day. Therefore, although the County Clerk's office was open on August 12, 1967, it was not open under any provision of law which would give notice to Sesser that he could redeem on that date.

■ Including the last day of the extended period of redemption would make Saturday, August 12, 1967, the final day for redemption. Accordingly, Saturday and Sunday should both be excluded, thereby making Monday, August 14, 1967, the date on which the extended period of redemption actually expired.

■ Appellant also contends that no valid redemption was made because section 253 of the Revenue Act (Ill Rev Stats, 1965, c 120, § 734) requires that the redemption price must be paid in cash to the County Clerk prior to the expiration of the redemption period or the redemption as extended. Appellant relies principally on the case of Weiner v. Eder, 22 Ill2d 408, 176 NE2d 777. In Weiner the period of redemption expired Saturday, February 14, 1959. Appellee deposited its personal check with the County Clerk on February 13, 1959, for the amount due. The County Clerk then issued a receipt stating that a certificate of deposit for redemption would not be issued until all checks had been honored by the bank. On Monday, February 16, 1959, the decree for tax deed was entered, the County Clerk's records showing that no redemption had been made on that date. The purchaser at the tax sale contended that no redemption could have occurred because the owner's certified check was not paid until after the redemption period expired. Our Supreme Court said at 411:

"... In the present case, the county clerk indicated the conditional nature of the payment (1) by the language on the receipt given to Liblich that 'certif-

icate of deposit for redemption will be issued when all checks rendered with redemption deposit have been honored by the bank,' (2) by writing '5' on the check, indicating that an answer as to whether the check had been honored by the bank could be expected in five working days, (3) by issuing a certificate of redemption on February 26, 1959, and (4) by posting the purported redemption in the county clerk's tax, judgment, sale, redemption and forfeiture records on February 26, 1959. Since payment took place when the county clerk acknowledged acceptance of the payment on February 26, 1959, the payment was not made before the expiration of two years from the date of sale, which period expired on February 14, 1959."

Appellee contends that Weiner v. Eder, supra, does not apply to the present case and that where the County Clerk accepts payment and issues an unconditional certificate of redemption, the redemption is complete even though payment was made by check, citing Weiner v. Chicago Title & Trust Co., 21 Ill2d 69, 171 NE2d 50, wherein the court said at page 74:

". . . Since the check was paid when it was deposited at a later date and since the city was willing to rely upon the security deposited with the check instead of insisting upon a bank draft or cashier's check, the city through its officers, accepted the check and security as cash. Although a different situation may have arisen if the check had been deposited earlier and returned to the city for insufficient funds, this did not occur and speculation regarding it was properly excluded."

Therefore, Sesser argues that the acceptance of the checks by the County Clerk without objection on August 14, 1967, and the issuance of a certificate of redemption to Sesser on that date constituted payment as of that date and effected a proper redemption by Sesser.

We believe that the rationale of Weiner v. Chicago Title and Trust Co., 21 Ill2d 69, 171 NE2d 50, applies to the present case, rather than that of Weiner v. Eder, 22 Ill2d 408, 176 NE2d 777, where the Supreme Court was faced with a situation where the County Clerk accepted the check on the condition that a certificate would not issue until the check was honored by the bank. Our holding is in accord with the general rule in the United States as enunciated in 21 ALR2d, page 1302:

> "While it is a general rule that taxes can only be paid in money, and taxing authorities are not, in the absence of statutory requirement, under any obligation to accept checks or drafts in payment of taxes, it may be noted that the acceptance by the taxing officer of a draft or check without objection will, provided of course that the instrument is subsequently paid, constitute a payment as of the time of acceptance, and a tax purchaser may not, by raising objections to the failure to pay in legal tender, cause a failure of redemption from this fact alone, the failure of the tax collector to object constituting a waiver of the tax purchaser's right to object."

Appellant could not prevent Sesser from redeeming the property from the tax sale and the trial court was therefore correct in denying the motion to expunge Sesser's redemption from the record. We do not consider it necessary to discuss other contentions raised by the parties.

For the foregoing reasons, we affirm the judgment of the Circuit Court of Jefferson County.

Judgment affirmed.

GOLDENHERSH and EBERSPACHER, JJ., concur.