THERESE M. MIERSWA, Plaintiff-Appellant, *v.* STANLEY T. KUSPER, JR., *et al.*, Defendants-Appellees.

First District (5th Division)   No. 84—129

Opinion filed January 27, 1984.

Daniel P. Madden and Joel R. Monarch, both of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Franklin S. Schwerin and Joseph L. Ponsetto, Assistant State's Attorneys, of counsel), for appellee Stanley T. Kusper, Jr.

William J. Harte, Ltd., of Chicago (William J. Harte and William T. Rodeghier, of counsel), for appellee Raymond Coyne.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Therese M. Mierswa, appeals from an order of the trial

court which denied her petition for a writ of *mandamus* against defendant, Stanley T. Kusper, Jr., in his official capacities as Cook County clerk and chairman of the county officers electoral board of Cook County. The petition sought to require defendant to convene the electoral board to hear an objection filed by plaintiff to the nominating papers of defendant-intervenor Raymond F. Coyne, a candidate for the office of commissioner of the Cook County Board of Appeals in the Democratic primary to be held March 20, 1984. The issue presented for review is whether plaintiff filed her objection to Coyne's nominating papers within the statutory time limit. The trial court held that she had not and, for the reasons which follow, we affirm the order of the trial court.

Plaintiff filed her petition for a writ of *mandamus* on December 29, 1983. On December 30, 1983, Coyne sought and was allowed leave to intervene as a party defendant in the matter. On that same date, both defendants filed answers to the petition and Kusper filed several affirmative defenses. At the hearing on the petition, all of the parties stipulated that the facts alleged in the petition and in the affirmative defenses were true. These included the following: plaintiff is a registered voter in Cook County, Kusper is county clerk of Cook County and as such is charged by statute with the duties of receiving nomination papers filed by candidates for public office, as well as objectors' petitions thereto. The county clerk in September 1983 published a "1984 Cook County Election Calendar" and the Illinois State Board of Elections in August 1983 published a "State of Illinois Election and Campaign Finance Calendar 1984." Each of the publications specified Saturday, December 24, 1983, as the last day for filing objections to nominating papers. The last day to file nominating papers for the office which Coyne seeks was Monday, December 19, 1983. The Election Code deems nominating papers to be "valid unless objection thereto is duly made in writing within 5 days after the last day for filing the *** nomination papers ***." (Ill. Rev. Stat. 1981, ch. 46, par. 10—8.) The fifth day following Monday, December 19, 1983, was Saturday, December 24, 1983. The clerk's office was open until 5 p.m. on that day. The following day was a Sunday. The next day was Monday, December 26, 1983, a legal holiday. On Tuesday, December 27, 1983, plaintiff filed an objector's petition in the office of the county clerk. On Wednesday, December 28, 1983, defendant Kusper notified plaintiff that he refused to convene the electoral board for a hearing on the petition because it was not timely filed. Plaintiff thereafter filed her petition for a writ of *mandamus* which, as indicated above, was denied by the trial court. We ordered the case heard on an expedited

briefing schedule.

Plaintiff argues in this court, as she did in the trial court, that the time in which she could file objections to Coyne's nominating papers was extended by the operation of section 1.11 of "An Act to revise the law in relation to the construction of the statutes" (Ill. Rev. Stat. 1981, ch. 1, par. 1012). This statute provides that:

"The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State, and then it shall also be excluded. If the day succeeding such Saturday, Sunday or holiday is also a holiday or a Saturday or Sunday then such succeeding day shall also be excluded." (Ill. Rev. Stat. 1981, ch. 1, par. 1012.)

Defendants call our attention to section 1 of "An Act to revise the law in relation to the construction of the statutes," which provides that "In the construction of statutes, Sections 1.01 through 1.32 shall be observed, unless such construction would be inconsistent with the manifest intent of the General Assembly or repugnant to the context of the statute." (Ill. Rev. Stat. 1981, ch. 1, par. 1001.) The question before us is therefore a very narrow one, *viz.*, whether section 1.11 extends the five-day objection period provided by section 10–8 of the Election Code where the fifth day falls on a Saturday.

In construing a statute, the primary inquiry is to ascertain the legislature's intention not only from the language which it has used, but also from the reason and necessity for the act, the evils sought to be remedied, and the objects and purposes sought to be obtained. *Lincoln National Life Insurance Co. v. McCarthy* (1957), 10 Ill. 2d 489, 494, 140 N.E.2d 687.

■ Both defendants argue that an examination of the Election Code reveals a legislative intent to make Saturday the last day for filing objections. We agree. Under the Election Code, the general primary election is always held on the third Tuesday in March. (Ill. Rev. Stat. 1981, ch. 46, par. 2A–1.1(a).) The Election Code further provides that "[a]ll petitions for nomination shall be filed by mail or in person as follows: *** 2. Where the nomination is to be made for a county office *** then such petition shall be filed in the office of the county clerk not more than 99 nor less than 92 days prior to the date of the primary." (Ill. Rev. Stat. 1981, ch. 46, par. 7–12(2).) Section 10–8 of the Election Code provides that "nomination papers *** being filed as required by this Code, and being in apparent conformity with the provisions of this Act, shall be deemed to be valid unless ob-

jection thereto is duly made in writing within 5 days after the last day for filing the *** nomination papers ***" (Ill. Rev. Stat. 1981, ch. 46, par. 10—8), with specified exceptions not here relevant. The last day for filing the nomination papers, as determined by section 7— 12(2), is 92 days before the date of the primary, March 20, 1984, a Tuesday, which was December 19, 1983, a Monday. Because the primary election is always on a Tuesday under section 7—12(2), the last day to file nominating papers is always a Monday, and does not vary from year to year. Thus, the last day to file objections under section 10—8 is always a Saturday. This appears to be a conscious determination on the part of the General Assembly, and thus section 1 of "An Act to revise the law in relation to the construction of the statutes" does not apply because to do so would be inconsistent with the manifest intent of the legislature. See *People ex rel. Eitel v. Lindheimer* (1939), 371 Ill. 367, 376, 21 N.E.2d 318.

Plaintiff argues that the plain language of section 1.11 makes it applicable to the instant case. While the statute does state that the time to do "any act" provided by law shall not include the last day if it is a Saturday, section 1 of the same act provides that section 1.11 shall not be applied if its application would be inconsistent with the manifest intent of the General Assembly. (See also *Lincoln National Life Insurance Co. v. McCarthy* (1957), 10 Ill. 2d 489, 140 N.E.2d 687.) We have already determined that such is the case here.

Plaintiff next argues that section 1.11 and the Election Code should be construed as statutes *in pari materia,* apparently because both relate to the time in which a particular act must be done. Plaintiff cites several cases which have applied section 1.11 to various statutes. These cases are distinguishable from the instant case, however, in that in each of the cases on which plaintiff relies, the falling of the last day of the statutory time limit on Saturday was mere happenstance, and not the product of legislative design. In *Havens v. Miller* (1981), 102 Ill. App. 3d 558, 429 N.E.2d 1292, the electoral board was to meet to consider objections to candidates remaining on the ballot for failure to file statements of economic interest on time. The electoral board was mandated by statute to convene " '*** not *** less than 3 nor more than 5 days after the receipt of the *** objector's petition by the chairman of the electoral board.' " (102 Ill. App. 3d 558, 563, 429 N.E.2d 1292, quoting Ill. Rev. Stat. 1979, ch. 46, par. 10—10.) The hearing was held on September 8, 1981, although the chairman had received the objections on September 1. The court held that section 1.11 applied to extend the time from September 5, a Saturday, through Sunday, September 6, and Monday, September 7, La-

bor Day, a legal holiday.

It is apparent that the three- to five-day period in which the chairman could have convened the meeting did not mandate any particular day for meeting, and thus it was a mere fortuity that the chairman received the objections on a Tuesday, which would, under the court's computation, have caused the last day to fall on a Saturday. The court accordingly and appropriately found section 1.11 applicable. In *In re Application of County Treasurer* (1975), 26 Ill. App. 3d 753, 326 N.E.2d 120, the court held that section 1.11 did not apply where days other than the last day of the time period fell on a Saturday, Sunday or legal holiday. In *Urbaniak v. John Berg Manufacturing Co.* (1972), 9 Ill. App. 3d 508, 292 N.E.2d 460 (abstract), the plaintiff had filed her complaint on April 17, 1972, for personal injuries incurred on April 15, 1970. The court held that where Saturday was the last day in which to file a suit within the limitations period, the time to file is extended by section 1.11. An injury may of course occur on any day of the week, and it is sheer chance that in any particular case it will fall on any particular day. In *John Allan Co. v. Sesser Concrete Products Co.* (1969), 114 Ill. App. 2d 186, 252 N.E.2d 361, the period of redemption for certain tax-delinquent real estate was extended where the last day of the period fell on a Saturday. In this case, as in all of the others cited by petitioner, the fact that the last day of a statutory period fell on a Saturday was a random event as opposed to the carefully drawn legislative scheme at issue in the instant case. Accordingly, we find these cases distinguishable.

Plaintiff next contends that "An Act to revise the law in relation to county clerks" (Ill. Rev. Stat. 1981, ch. 35, par. 4), when read in conjunction with section 1.11 and the Election Code, demonstrates that the legislature did not intend Saturday to be the final day on which to file objections. Section 4 provides that:

"The county clerk shall keep his office at the court house of his county, or at such other place as may be provided for him by the authorities of such county seat and shall keep his office open and attend to the duties thereof:

(a) In counties of 500,000 or more population from 9 a.m. to 5 p.m. of each working day except Saturday afternoons and legal holidays, but the clerk may open the office at 8 a.m. on each working day:

(b) In counties of less than 500,000 population from 8 a.m. to 5 p.m. of each working day except Saturdays and legal holidays ***." Ill. Rev. Stat. 1981, ch. 35, par. 4.

Plaintiff initially contends that holding Saturday as the last day

for filing objections would work an injustice by allowing the actual time for filing to vary at the discretion of the county clerk in keeping his office open. We note that plaintiff does not argue that she could not have filed her objections on December 24, 1983, and that she stipulated that the clerk's office was in fact open until 5 p.m. on that day. Nothing in the record indicates that the office was not open at least during its legally mandated hours. Because the clerk's office in Cook County was open pursuant to statute on December 24, 1983, the discretion of the county clerk does not enter into this case. Plaintiff has not shown how she has been injured by the conduct of the clerks of other counties and she lacks standing to assert this argument in her own behalf. See *Polich v. Chicago School Finance Authority* (1980), 79 Ill. 2d 188, 205, 402 N.E.2d 247.

Plaintiff next contends that, should we affirm the trial court, we should apply our decision prospectively. Plaintiff cites *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560. As pertinent here, that case merely held that the legislature may shorten an existing limitations period without offending due process as long as a reasonable period of time remained in which to file a complaint. This argument might have some debatable validity were the legislature to shorten the period for filing objections from five days to one, for example, but that is not the case before us.

Plaintiff also cites *Madden v. Schumann* (1982), 105 Ill. App. 3d 900, 435 N.E.2d 173. In that case, however, the appellate court did not apply the construction of a statute prospectively, but merely stated that if one set of statutory directions were taken to be mandatory, an obvious ambiguity would be created by another set of directions in the same statute. The court accordingly held that only substantial compliance with the first set was required. In many cases conflicting interpretations of statutes are possible, but merely because a court finds one construction to embody the legislature's intent does not work a sudden change in the law sufficient to require prospective application of the court's holding.

Plaintiff finally argues that our construction of the statutes in question here results in insufficient notice to the public of the last day to file. Citing *John Allan Co. v. Sesser Concrete Products Co.* (1969), 114 Ill. App. 2d 186, 252 N.E.2d 361, petitioner maintains that where the clerk could have, as easily as not, lawfully closed the office or even refused to open it at all, the time for filing should be extended. (But see *Richter v. Chicago & Erie R.R. Co.* (1916), 273 Ill. 625, 628, 113 N.E. 153 (fact that courts were closed on last day not sufficient to extend time).) That case is distinguishable from the case at bar,

436

however, in that Jefferson County apparently had at the time of decision a population of fewer than 500,000 and therefore the office of the clerk of its circuit court was not legally required to open on Saturdays. (Ill. Rev. Stat. 1969, ch. 35, par. 4(b).) The Cook County clerk's office, being in a county of more than 500,000 people, was lawfully required to remain open at least until noon on Saturday, and in fact remained open until 5 p.m. on the day in question. We need not delve into subtle hypotheticals concerning what might have happened had plaintiff tendered her objections to an office closed on Saturday afternoon, as that is not the case before us. We have decided only, on the facts peculiar to the instant case, that Saturday, December 24, 1983, was the last day intended by the legislature for the filing of objections in Cook County for this particular election.

We note at this juncture that although both parties briefed and argued the significance of various contemporaneous administrative interpretations of the statutes here in issue, those administrative interpretations have not formed the basis for our decision.

For the reasons stated above, the order of the circuit court is affirmed.

Affirmed.

LORENZ and O'CONNOR, JJ., concur.