*In re* APPLICATION OF WILLIAMSON COUNTY COLLECTOR (G & H Investments, Petitioner-Appellant, v. Charles L. Brymer, *et al.*, Respondents-Appellees).

Fifth District   No. 5—84—0198

Opinion filed October 31, 1984.—Rehearing denied December 5, 1984.

Stanley W. Narusis, of Johnston City, for appellant.

Mark J. Ballard, of Campbell, Furnall, Moore & Jacobsen, P.C., of Mt. Vernon, for appellee King City Federal Savings Association.

James B. Bleyer, of Marion, for other appellees.

JUSTICE KARNS delivered the opinion of the court:

Petitioner, G & H Investments, appeals from the judgment of the circuit court of Williamson County which denied its petition for a tax deed to real estate owned by respondents Charles L. Brymer and Freida Brymer and subject to a mortgage held by respondent King City Federal Savings Association. The issue for our concern is the propriety of the trial court's ruling that the real estate had been validly redeemed following its sale to petitioner for failure of respondents to pay 1979 real estate taxes.

At the tax sale in October 1980, petitioner purchased three lots

owned by the Brymers. On March 30, 1983, the instant petition was filed. The extended statutory period for redemption expired on July 15, 1983. After service of proper statutory notice, on July 11, 1983, Brymer delivered to the county clerk a personal check in the amount of $706.14 in order to redeem the lot on which his home is located. The county clerk accepted the check as payment, and on that day delivered to Brymer a certificate of redemption. Brymer's check was dishonored upon presentment for payment, and on August 4, 1983, it was returned for insufficient funds. The county clerk notified Brymer that he could have until the next day to make good the payment or the redemption would have to be voided. Brymer sent another check for the same amount postmarked August 4. On August 8 the county clerk advised Brymer that his payment could not be accepted because the time for redemption had expired.

On August 15 Brymer filed a motion for extension of the redemption period, and on August 19 King City Federal Savings Association as mortgagee filed an objection to the petition for issuance of tax deed and prayed for an extension of the period of redemption so that it might redeem. It was stipulated that the mortgagee, on inquiring before July 15, was advised by the county clerk that the subject lot had been redeemed and the mortgagee received a copy of the certificate of redemption from the county clerk.

The trial court found that the acceptance of the first check and the issuance of the certificate of redemption by the county clerk constituted a valid redemption. The court further found that the redemption had not been revoked by any official act. Accordingly, the petition was denied.

■ G & H Investments argues that section 253 of the Revenue Act (Ill. Rev. Stat. 1983, ch. 120, par. 734) does not authorize a taxpayer to redeem with a personal check. That section states that redemption shall be made "by payment in legal money of the United States, or by cashier's check, certified check, post office money order or bank money order." Payment by personal check alone, however, will not cause a failure of redemption. In *John Allan Co. v. Sesser Concrete Products Co.* (1969), 114 Ill. App. 2d 186, 252 N.E.2d 361, the court held that acceptance of a personal check by the county clerk and the issuance of a certificate of redemption will effect a valid redemption. In that case the checks were honored upon presentment for payment. The court relied on *Weiner v. Chicago Title & Trust Co.* (1960), 21 Ill. 2d 69, 171 N.E.2d 50, which held that where the municipal officer accepts a check and does not insist on legal tender, or a bank draft or cashier's check, a proper payment is made for the pur-

chase of special assessments where the check is honored for payment. Both cases left undecided what result would be reached if the check was returned dishonored.

The record is silent as to Brymer's knowledge of the status of his account at the bank. While it is true that Brymer is not blameless, the county clerk is also at fault in accepting a personal check contrary to the statutory direction. The entire problem would have been avoided had the clerk required redemption by one of the methods of payment set out in the statute. The problem is further compounded by the presence of the mortgagee, who was told that proper redemption had been effected and was mailed a copy of the certificate of redemption by the county clerk. When the county clerk accepts the property owner's personal check as payment, unconditionally, he relies on the credit of the owner. In the event of dishonor, the county clerk has a right of recourse against the property owner as drawer of the instrument under the Uniform Commercial Code. Ill. Rev. Stat. 1983, ch. 26, par. 3—507.

Under these unusual facts, which are unlikely to reoccur, we hold that a valid redemption was effected. Here, unlike the actions of the county clerk in *Weiner v. Eder* (1961), 22 Ill. 2d 408, 176 N.E.2d 777, the county clerk expressed no reservation, indicated no conditional nature of Brymer's payment, nor made any objection or protest to the medium of payment when it was presented. The county clerk further issued unconditionally a certificate of redemption that very day, four days before the redemption period was to expire. There is no evidence in this record to suggest bad intent on Brymer's part. Brymer has deposited with the county clerk a money order covering the amount needed to redeem, including costs, penalties and interest. While the tax purchaser will not receive the property, he will receive interest computed at 66% as of July 11, 1983, and costs, including sheriff's fees and costs of publication.

For these reasons, the judgment of the circuit court of Williamson County is affirmed.

Affirmed.

KASSERMAN and JONES, JJ., concur.