*In re* MARRIAGE OF KONI DEBY ANTONICH, Petitioner-Appellee, and ROGER L. ANTONICH, Respondent-Appellant.

Second District    No. 85—0703

Opinion filed October 20, 1986.

576

Kenneth A. Abraham and Mark D. Nomady, both of Kenneth A. Abraham & Associates, P.C., of Darien, for appellant.

Bonnie M. Wheaton, of Wylie Wheaton & Associates, P.C., of Wheaton, for appellee.

JUSTICE STROUSE delivered the opinion of the court:

The respondent, Roger L. Antonich, appeals from the order of the circuit court which dismissed his petition for modification and other relief brought pursuant to section 510(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1983, ch. 40, par. 510(b)). Section 510(b) of the Act provides:

"Unless otherwise agreed by the parties in a written separation agreement set forth in the judgment or otherwise approved by the court, the obligation to pay future maintenance is terminated upon the death of either party, or the remarriage of the party receiving maintenance or if the party receiving maintenance cohabits with another person on a resident, continuing, conjugal basis." Ill. Rev. Stat. 1983, ch. 40, par. 510(b).

In his petition, the respondent sought to terminate his obligation to pay future maintenance to the petitioner, Koni Antonich, as a result of the parties' cohabitation with each other on a resident, continuing, conjugal basis. A question of statutory construction is raised on the pleadings as to whether, as a matter of law, a former spouse is "another person" within the meaning of section 510(b). On appeal the respondent contends that: (1) the plain meaning of section 510(b) does not exclude a former spouse from the definition of "another person"; and (2) there is no rational legal or economic basis for distinguishing between former spouses and other individuals for purposes of applying the provision of section 510(b). For the reasons set forth below, we affirm the decision of the circuit court.

On January 25, 1984, the court entered a judgment which dissolved the marriage of Koni and Roger Antonich. This judgment incorporated a written separation agreement which required the respondent to pay to the petitioner certain specified sums per week as maintenance. The separation agreement also provided that the respondent's obligation to pay maintenance would terminate at such time as any one of the provisions set forth in section 510(b) occurred or the expiration of five years, whichever occurred first.

On or about May 1, 1984, after having been previously living apart, the parties commenced living together on a conjugal basis until October 30, 1984, when the petitioner vacated the premises. The respondent then filed a petition for modification to terminate his obligation to pay maintenance based on the provisions of section 510(b). In a letter ruling dated July 16, 1985, and subsequently ordered August 5, 1985, the trial judge granted the petitioner's motion to strike and held that, as a matter of law, cohabitation with "another person" referred to cohabitation with someone other than a party to the dissolution. This appeal was timely filed.

■ Although there have been seven appellate court cases interpreting section 510(b) (see, *e.g., In re Marriage of Sappington* (1985), 106 Ill. 2d 456, 463), they have all been concerned with the term "continuing conjugal relationship," which is not at issue here. While respondent argues that the literal meaning of "another" includes the petitioner, we conclude, as did the trial judge, that the plain meaning of the statute, as well as common sense, mandates that the term "another person" does not encompass a former spouse who was a party to the proceeding.

■ The primary rule of statutory construction is to ascertain and effectuate the legislature's intent. In doing so, a court looks first to the statutory language itself, and if the language is clear the court must give it effect and not look to extrinsic aids for construction. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 277.) If the statutory language is certain and unambiguous, the proper function of the court is to enforce the statute as enacted. *People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 369.

The proper interpretation of a statute cannot always be based on its language alone; it must be grounded on the nature, object and consequences that would result from construing it one way or another. (*Pedigo v. Johnson* (1985), 130 Ill. App. 3d 392, 396.) The primary inquiry is to ascertain the legislative intention not only from the language used but also from the reason and necessity for the act, the evils sought to be remedied, and the objects and purposes sought to

be obtained. *Mierswa v. Kusper* (1984), 121 Ill. App. 3d 430, 432.

Prior to the enactment of this section of the statute, a former wife who lived in a conjugal relationship with another was entitled to receive alimony as long as she had not remarried. (*Hall v. Hall* (1975), 25 Ill. App. 3d 524; *Atwater v. Atwater* (1974), 18 Ill. App. 3d 202.) The legislature enacted this section not only because the public policy of this State has never recognized a common law marriage (Ill. Rev. Stat. 1983, ch. 40, par. 214), but also to strengthen and preserve the integrity of marriage and safeguard family relationships (*Jarrett v. Jarrett* (1980), 78 Ill. 2d 337, 345), and to relieve the injustice resulting from a continuing obligation to pay support for an ex-spouse who was either supporting another with the payments received or receiving support from another.

Shortly after the statute was enacted it was interpreted by the court in *In re Support of Halford* (1979), 70 Ill. App. 3d 609, 612, to mean that "whenever the spouse receiving the maintenance has entered into a husband-wife relationship with another, whether this be by legal or other means," the ex-spouse's obligation to pay further maintenance terminates. One entering into such a relationship has, in fact, agreed to be supported by another, and our legislature wisely decided that an ex-spouse should not have to pay for such a relationship. Therefore, we believe that the question of whether the cohabitation has materially affected the recipient spouse's need for support is an important consideration. (*In re Marriage of Bramson* (1980), 83 Ill. App. 3d 657, 663.) Here, the trial court, having determined the needs of the wife as well as the ability of respondent to pay, ordered respondent to pay support after the dissolution for a period of five years or until termination under section 510(b). The duty of the respondent to pay support for another was not enlarged, nor was the petitioner's need for support diminished in any way during and after the relationship.

The legislature, in passing this section, also intended that the paying spouse be able to account for funds paid for support. When there is a remarriage or a relationship with another, the paying spouse cannot determine how his funds are spent. Here, since both were original parties to the decree, the respondent knew exactly how funds for support were disbursed. While the claim of petitioner for payment during the relationship is not raised, nor do we here decide it, there is accountability established under these circumstances.

Further, reconciliation of disrupted marriages is another desirable public policy. The tragedies of broken marriages are all too well known. Many activities of State and private agencies are devoted to

attempted reconciliation of disrupted marriages. Here, the parties might have been able to salvage their marriage. If the petitioner had remarried the respondent or married another and then separated, consideration would again be given to her need for support. Terminating her support leaves her in a financially desperate situation, which the original trial court recognized when it established the support payments. To penalize one of the parties in such a situation while granting another a windfall is to discourage others from making an attempt to reconcile.

For the reasons set forth above, the judgment of the trial court is affirmed.

Affirmed.

HOPF and SCHNAKE, JJ., concur.