DENNIS KEATING *et al.*, Petitioners-Appellees, v. MIKE IOZZO *et al.*, Respondents-Appellants.

Second District No. 2—87—0214

Opinion filed May 18, 1987.

George C. Pontikes and Sheldon Gardner, both of Foss, Schuman, Drake & Barnard, of Chicago, and Terence M. Sheen, of Daniels & Sheen, of Elmhurst, for appellants.

Patrick M. Loftus, of Law Office of Hubert J. Loftus, Ltd., of Addison, for appellees.

JUSTICE HOPF delivered the opinion of the court:
Respondents appeal from a trial court ruling which reversed a de-

cision of the local electoral board and ordered petitioners' names to be placed on the ballot for the Villa Park municipal election to be held on April 7, 1987. Respondents assert that the trial court erred in finding that objections to petitioners' nominating papers were not filed on time and that the nominations were thus valid.

Petitioners timely filed nominating petitions for the office of village trustee. Respondent Iozzo subsequently filed objections to petitioners' nominating papers. The municipal officers electoral board of the village of Villa Park (board) convened on February 11, 1987, to hear the objections. At the outset of the proceedings a motion was made by petitioner Mieszcak to cancel the hearing on grounds that the objections were not filed on time and the board thus lacked jurisdiction.

Evidence was heard on the motion which indicated that on February 2, 1987, the undisputed final date for filing objections, the village clerk was in her office at the village hall to receive objections only between the hours of approximately 10:30 a.m. and 12 noon. Around 10:50 a.m. she called all the candidates, including objector Iozzo, and informed them that she would be available only until noon. Iozzo told her he would be filing his objection at 3 p.m. According to Iozzo's testimony, the clerk responded, "Okay" but did not indicate she would be present at that time to accept his objections. There was some evidence that the village hall itself was open all day that day.

Iozzo appeared at the village hall shortly after 3 that afternoon, but the village clerk was not in her office. Nor was there a deputy clerk available. Thus, candidate Iozzo was not able to file his objections until the following day.

On these facts the board found that the objector had attempted to file during business hours on February 2, 1987, but was unable to do so due to misfeasance on the part of the village clerk. Business hours, according to the board's order, were from 9 a.m. to 5 p.m. The board concluded that objections filed on February 3 were timely and thus subject to its jurisdiction. Accordingly, the board heard evidence on and ultimately sustained objections to the sufficiency of the signatures on the petitioners' nominating petitions. Petitioners' names were stricken from the ballot on this basis.

Petitioners subsequently filed a petition with the circuit court for review of the board's decision. The court reversed the board's finding that the objections were timely filed and ordered petitioners' names to be placed on the ballot. Respondents then filed this appeal.

 Respondent Iozzo first asserts that the motion to the board to cancel the hearing based on his allegedly untimely filing was made

only by petitioner Mieszcak. He insists that the other petitioners, Keating and Vittorio, may not raise the issue for the first time. Petitioners answer that Iozzo makes his allegations regarding Keating and Vittorio now for the first time. They claim he did not present this matter to the trial court. According to the record, this claim is not entirely correct. Respondent alleged in his answer to the petition for judicial review that Keating and Vittorio had not raised the matter of untimely filing during the board hearing and should be precluded from raising it before the trial court. However, respondent subsequently failed to preserve the issue. No testimony or evidence on the point was taken at trial, and respondent did not ask the court to resolve it. A question never considered by the trial court may not be raised for the first time on appeal. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417; *Pannett v. Schnitz* (1977), 50 Ill. App. 3d 128, 133, 365 N.E.2d 191.) Moreover, Mieszcak's motion raised the question of jurisdiction, which may be raised at any time. If the board lacked jurisdiction over the objections to Mieszcak's nominating papers on the basis of untimeliness, it also lacked jurisdiction over the other objections which were filed at the same time. Thus, none of the petitioners are barred from raising the timeliness issue on appeal.

It is worthy of note at the outset of discussion of timeliness that judicial review of decisions of an electoral board is not intended to provide a *de novo* hearing but rather to provide a remedy against arbitrary or unsupported decisions. (*Williams v. Butler* (1976), 35 Ill. App. 3d 532, 538, 341 N.E.2d 394.) The findings of an electoral board will not be reversed unless they are against the manifest weight of the evidence. (35 Ill. App. 3d 532, 538, 341 N.E.2d 394.) In this case the trial court reversed the board's conclusion that the objections were filed on time. The inquiry is whether the board's decision was against the manifest weight of the evidence.

The board decided the objections had been filed on time because, as revealed by the transcript, it was their understanding that the law required that the office of the village clerk be open between the hours of 9 a.m. and 5 p.m. on the last day for filing objections. Since the office was not open during those hours, the board excluded that day as the final day for filing. However, the board was mistaken in its understanding. The law the board alluded to was probably the statute mandating that offices in which *nominating petitions* must be filed are to remain open for the receipt of such petitions until 5 p.m. on the last day of the filing period. (Ill. Rev. Stat. 1985, ch. 46, par. 1—4.) There is no comparable provision for the filing of objections. Thus, the board was operating from a mistaken legal premise.

Since it based its decision on what it thought to be the law, the board did not consider whether, under all the circumstances in evidence, respondent Iozzo's failure to file on February 2 rendered his objections untimely. After review of the record and the law, it is our opinion that the trial court correctly reversed the decision on this issue since the board's unsupported conclusion was contrary to the manifest weight of the evidence.

While the precise issue now before the court is one of first impression, there are numerous cases in which a party sought to extend a statutorily prescribed time period for performance of an act because the last day of the period fell on a Saturday, Sunday, or a holiday; the office where performance was to take place was closed; and the deadline could not be met. In the instant case the problem is not with the lack of Saturday or Sunday hours, but with an election official who was neither personally present all day on a weekday to accept objections nor represented by a deputy clerk appointed to accept in her place. (The last day for filing here, February 2, 1987, was a Monday.) Nevertheless, some of the cases, particularly those where Saturday was the last day, provide some guidance.

*Pettigrove v. Parro Construction Corp.* (1963), 44 Ill. App. 2d 421, 194 N.E.2d 521, involved the final date for filing a petition to reinstate a previously dismissed cause of action. The plaintiff was unable to file on the last day because it was a Saturday and the office of the clerk of the circuit court was closed all day. The court held that the time for filing had been extended to the next day the clerk's office was open.

The *Pettigrove* court noted that a statute authorized the closing of the clerk's office by rule of court. However, no determination was made as to whether such a rule had been adopted by the circuit court. Rather, the court said: "But whether closed by rule or not, as a practical matter the office was closed so that there was no opportunity for the plaintiffs to file their petition." (*Pettigrove v. Parro Construction Corp.* (1963), 44 Ill. App. 2d 421, 426, 194 N.E.2d 521.) The court then noted that it is commonly known that circuit clerk's offices in Illinois usually close on Saturday and explained that the legislature did not intend for any rule to require a litigant to do something which cannot be done. It was logical to find that where the last day fell on a Saturday and the office was closed on Saturday, the plaintiffs could not follow the statute or an order of the court. Thus, the exclusion of the day the office was closed was proper. The court focused on what it called the practical application of the law and said: "[W]here an office is closed on the final day for the doing of any act provided by law

to be done, that day shall also be excluded." (44 Ill. App. 2d 421, 427, 194 N.E.2d 521.) The plaintiff's petition was held to be filed on time.

In *Burgess v. Erickson* (1966), 72 Ill. App. 2d 85, 218 N.E.2d 111, a record on appeal was filed two days late because the office of the clerk of the appellate court was closed on the last day for filing, which was a Saturday. Following *Pettigrove*, the court stated that the time for filing is computed by excluding the first day and including the last day, unless the last day is a Sunday, a legal holiday, "or a day in which the office of the clerk of this court is closed." (72 Ill. App. 2d 85, 86, 218 N.E.2d 111.) The late filing was allowed.

Although *Pettigrove* and *Burgess* involved offices which were closed on Saturday, the significant factor in those cases was not that the last day of filing was a Saturday, but that the office was closed all day on Saturday. The *Burgess* court made this clear when it said that a day when the office is closed should be one of the exclusions from computation of the time period. Thus, the day the office was closed could just as easily have been a Monday as a Saturday. In this sense these cases are similar to the case at bar.

The *Pettigrove* court adhered to the principle that the legislature did not intend to require something of a litigant which could not be done and noted that the litigant there did not even have an opportunity to file. In the present case respondent cannot claim that he had no opportunity to file. Unlike the offices in *Pettigrove* and *Burgess* which were closed all day, it is undisputed here that the village clerk was present in her office for at least part of the morning and that the candidates were informed as to when she would be there. Moreover, Iozzo did not tell the clerk that the hours she specified were not adequate time for him to file. At no point did he assert that he was unable to file while the clerk was present. Since the objector had an opportunity to file, albeit a limited opportunity, it cannot be said that he was required to do something which could not be done.

The issue in *John Allan Co. v. Sesser Concrete Products Co.* (1969), 114 Ill. App. 2d 186, 252 N.E.2d 361, was whether the period for redemption of real estate sold for delinquent taxes should be extended despite the fact that the county clerk's office was open from 8 a.m. until noon on the last day for redemption. The final day to redeem fell on a Saturday but the redemption fees were not paid until the following Monday.

The *Sesser* court cited *Pettigrove* and *Burgess* and then looked to the statutory provisions for the office hours of county clerks. Under the statute the subject clerk's office was to be closed on Saturday unless the county board properly passed a resolution to the contrary. No

such resolution had been passed. Nevertheless, the county clerk's office was open on that Saturday from 8 a.m. until 12 noon. The court found that, under the statute, the clerk could lawfully have closed the office at any time before noon or even never have opened it at all on the day in question. The court concluded that, even though the office was open, it was not open under any legal requirement which would give notice that redemption fees could be paid on that date. The redemption period was extended to Monday.

While *Sesser* also involved a final date which fell on Saturday, it differs from *Pettigrove* and *Burgess* in that the office of the county clerk in *Sesser* was subject to a statute which became a pivotal factor in the court's opinion. The statute did not require the office to be open on Saturday. On the contrary, it provided for the office to be closed unless the county board resolved otherwise. Thus, the fact that the office was actually open was irrelevant. The redeeming party had no notice that the office would be open to accept redemption fees and could not be bound by a final date falling on a Saturday. The case at bar differs from *Sesser* on the matter of notice. Iozzo does not contest that he received notice directly from the clerk as to when she would be in her office to accept objections.

*Mierswa v. Kusper* (1984), 121 Ill. App. 3d 430, 459 N.E.2d 1110, a case cited by petitioners, was an appeal from denial of a petition for *mandamus* which sought to force the convening of the Cook County electoral board to hear an objection to nominating papers. The objection had allegedly been untimely filed where the last day for filing was a Saturday and plaintiff did not file until the first possible day the next week. Plaintiff insisted the case was controlled by a statute which provided that, as a general rule, Saturdays should be excluded from the computation of statutory time periods when the last day falls on a Saturday. The court, however, decided that the statutory timetable for filing nominations and objections for the particular office relevant in the case showed an intentional legislative design that Saturday should be the last day for filing since the last day would always be a Saturday. The court refused to apply the general provision for excluding Saturday.

Since the statutory timetable analyzed in *Mierswa* is not the same as the one pertinent to the case now before us, the primary holding of that case is not relevant here. However, review of the facts and the *Mierswa* court's discussion of other arguments offered by plaintiff is enlightening. The clerk's office in *Mierswa* was mandated by statute to be open from 9 a.m. to noon on Saturdays. Plaintiff stipulated that the office had actually been open until 5 p.m. on the day in question.

On these facts plaintiff made two very similar arguments. First, she claimed that holding Saturday as the last day for filing would work an injustice by allowing the actual time for filing to vary at the discretion of the county clerk. Plaintiff cited *John Allan Co. v. Sesser Concrete Products Co.* (1969), 114 Ill. App. 2d 186, 252 N.E.2d 361, in support of her further argument that since the office could have been closed after noon and she could have been prevented from filing on time, holding Saturday as the last day resulted in insufficient notice to the public of the last day to file.

The court responded to plaintiff's first argument by noting that she did not argue that she could not have filed her objections on Saturday and that she stipulated that the office was open until 5 p.m. that day. The issue was then resolved on the basis that the office was open Saturday morning pursuant to statute and the discretion of the clerk was irrelevant. The court disposed of plaintiff's second argument by distinguishing *Sesser* and expressly refusing to discuss the hypothetical situation where plaintiff could have come to the office to file her objections on Saturday afternoon and found it closed.

Thus, while *Mierswa* did not resolve the issue we now confront, it is apparent that the court had before it many of the same factors now before us. Plaintiff in *Mierswa* had actual opportunity to file on that particular Saturday from 9 a.m. to 5 p.m. and had statutory notice that the opportunity was available from 9 a.m. to noon. Moreover, the court specifically noted that plaintiff stipulated that the office had been open until 5 p.m. and did not argue that she had been unable to file on Saturday. As noted above, two of these factors—opportunity and notice—were also pertinent in *Pettigrove v. Parro Construction Corp.* (1963), 44 Ill. App. 2d 421, 194 N.E.2d 521, *Burgess v. Erickson* (1966), 72 Ill. App. 2d 85, 218 N.E.2d 111, and *John Allan Co. v. Sesser Concrete Products Co.* (1969), 114 Ill. App. 2d 186, 252 N.E.2d 361. We conclude that when a plaintiff has no opportunity to comply with a statutory deadline, or no notice of such an opportunity, it is likely the deadline will be extended. On the other hand, when plaintiff has notice of the opportunity to comply, and can show no hardship resulting from limitations on the opportunity, extension of a statutory deadline is disfavored.

In the case at bar there is no evidence that the village clerk was under any statutory or local obligation to be present in her office at any specific time or to provide deputy clerks to function in her stead. That the village hall may have been open does not establish that the clerk's presence was required during village hall hours. The evidence does not demonstrate, either, that the clerk voluntarily set up and

maintained regular office hours. In fact, it seems clear she was not customarily present in her office on a full-time basis.

Regardless, however, of what the clerk's hours were, or whether she even kept regular hours, on the last day for filing objections she personally contacted all the candidates by telephone to inform them she was in her office and indicated how long she would be there to accept any objections they wished to file. Iozzo himself testified that he was so informed. Thus, even if Iozzo had believed the clerk would be available during the entire time the village hall was open, he was personally informed otherwise directly by the clerk.

■ Finally, according to the record Iozzo made no showing, either at the time or at the subsequent hearing, that the limited hours set by the clerk worked a hardship on him or made it impossible for him to comply with the filing deadline. Since the objector had both notice and an opportunity to file, and showed no hardship from the limits on his opportunity, we cannot say that the filing deadline should have been extended. Iozzo's objections were not timely filed, and the petitioners' names were properly placed back on the ballot.

In accord with the views expressed above, the order of the circuit court of Du Page County is affirmed.

Affirmed.

WOODWARD and DUNN, JJ., concur.