The Honorable Sharon Priest Secretary of State State Capitol Little Rock, AR 72201-1094
Dear Ms. Priest:
This is in response to your request for an opinion concerning candidate filing and voter registration deadlines. You have presented the issues as follows:
 When a candidate filing deadline or a deadline for registering to vote falls on a Saturday or Sunday when the election official or clerk's office is normally closed, can the election official accept the filings on the following Monday? If not, should the election official set the deadline on the Friday preceding the deadline, or should the election official open his/her office on the deadline day? What is the procedure if the deadline falls on a holiday: is the deadline the day before, or the day after the holiday?
 For example, the filing deadline for candidates in the upcoming school election is August 2, a Saturday. Is Friday, August 1 the deadline that the election officials should use?
With regard, first, to candidate filing deadlines, the answer to your question concerning the upcoming school election applies equally to your questions regarding candidate filing deadlines generally. I will thus address these issues as they pertain, specifically, to the school election filing deadline. My response is intended to apply as well, however, to your general questions in this regard.
Although the answer to these questions is by no means clear due to the absence of Arkansas case law authority on point, it is my opinion that a school election candidate who filed on the Monday following the Saturday deadline[1] would in all likelihood have a good argument that the filing should be accepted where the office was closed on Saturday. Even if the office was open on Saturday, it is possible that the Monday filing would be upheld, depending upon the particular circumstances, as discussed further herein. Thus, while there would be no harm in notifying candidates that their filings should be made on the Friday preceding the Saturday deadline, it is in my opinion unlikely that Friday would be deemed the legal deadline.
According to my research, our law makes no provision for a situation such as this where the candidate filing deadline falls on a Saturday, Sunday, or a legal holiday. Rule 6 of the Arkansas Rules of Civil Procedure is inapplicable, in accordance with Rule 1 thereof which provides that the rules govern "the procedure in the circuit, chancery, and probate courts in all suits or actions of a civil nature. . . ." (Emphasis added). There are cases involving judicial proceedings wherein the Arkansas Supreme Court adopted a common law rule extending the deadline to Monday where the last day for an act to be done falls on a Sunday. See McNutt v.State, 163 Ark. 122, 259 S.W. 1 (1924); Vermeer Mfg. Co. v. Steel,263 Ark. 323, 564 S.W.2d 518 (1978). There appears to be no such case, however, involving a candidate filing deadline.
While I thus cannot predict with certainty an Arkansas court's approach to the issue, there are cases from other jurisdictions holding that the statutory deadline should be extended if the candidate had no opportunity to file on the deadline, or no notice of such an opportunity. See, e.g.,Keating v. Iozzo, 108 Ill. App. 3d 774, 508 N.E.2d 503 (1987) (involving deadline for filing objections to nominating petitions), relying in part on Mierswa v. Kusper, 121 Ill. App. 3d 430, 459 N.E.2d 1110 (1984) (involving nominating papers). The court in Keating, supra, referenced another court's notation of the fact that "it is commonly known that circuit clerk's offices in Illinois usually close on Saturday and . . . that the legislature did not intend for any rule to require a litigant to do something which cannot be done." 155 Ill. App. 3d at 777, citingPettigrove v. Parro Construction Corp., 44 Ill. App. 2d 421,194 N.E.2d 521 (1963). Excluding the day when the office was closed was thus deemed proper under a "practical application of the law[,]" with the court stating: "`where an office is closed on the final day for the doing of any act provided by law to be done, that day shall also be excluded.'"Id. at 777-778. See also Burgess v. Erickson, 72 Ill. App. 2d 85,218 N.E.2d 111 (1966) (applying this same rule when the last day falls on a Sunday or a legal holiday).
Assuming, therefore, that our court is willing to look to other jurisdictions on this issue, general authority exists for the proposition that a Monday filing should not be deemed outside the statutorily prescribed school election filing period where the clerk's office is closed on Saturday.[2]
With regard to opening the office on a Saturday, or on a Sunday or a holiday when the office is normally closed, my research has yielded no legal requirement that the office be open under these circumstances. The mere fact that the deadline happens to fall on a day when the office is normally closed does not appear to automatically mandate that the office be opened on that day. There may, on the other hand, be no legal impediment to opening the office.[3] This would presumably be within the clerk's discretion. See, however, n. 3., supra. Even if the clerk chose to open the office, however, I believe the particular circumstances would have to be considered in determining whether a candidate could still file on the following Monday. In the Illinois cases cited above,notice was a significant factor in the court's approach to the statutory deadline. The party who had no notice that the office would be open for filing was not bound by a final date falling on a Saturday when the office was not required to be open. See also John Allen Co. v. SesserConcrete Products Co., 114 Ill, App. 2d 186, 252 N.E.2d 361 (1969) (concluding that even though the office was open, it was not open under any legal requirement which would give notice that compliance could be had on that date).
On the other hand, where the party had notice of the opportunity to comply and could show no hardship resulting from limitations on the opportunity, extension of a statutory deadline was disfavored. Keating v.Iozzo, supra. The elements of notice and opportunity may therefore have to be considered in deciding whether a Monday filing should be accepted where the office was open on the Saturday deadline. This will, it seems, require a case-by-case determination.
In conclusion as to this issue, therefore, it is my opinion that a filing should probably be accepted on Monday, which is obviously less than 45 days before the school election, in view of the fact that the last day for filing falls on a Saturday, assuming that the office was closed on Saturday or that there was no legal requirement that it be open or no notice otherwise that it would be open. Thus, in my opinion, Friday, August 1, should not be considered the legal deadline.
In response to your inquiry in this regard concerning voter registration deadlines, I believe a similar argument could be made that the legislature did not intend for any rule to require an applicant to do something which cannot be done. Although Amendment 51 to the Arkansas Constitution states, under Section 9(b), that registration "shall be in progress at all times" (emphasis added) except during the preceding thirty-day period, I cannot conclude that this regulates the registrar's office hours. Thus, in the absence of a requirement that the registrar's office be open on a Saturday, Sunday, or a legal holiday, it is my opinion that voter registration may continue on the next day the registrar's office is open, notwithstanding the fact that this will be within "the thirty-day period immediately prior to [the] election. . . ." Ark. Const. amend. 51, § 9(b).[4]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The Saturday, August 2, 1997, deadline is derived from A.C.A. §6-14-111(b), as amended by Act 443 of 1997, which refers to the period "at least forty-five (45) days before the annual school election." Acts 1997, No. 443, § 2. The annual school election is held on the third Tuesday in September (see A.C.A. § 6-14-102(a)), which falls on September 15 this year. Therefore, the candidate filing deadline is August 2, 1997, the forty-fifth day before the election.
[2] The same rule would apply in the case of a deadline falling on a Sunday or a legal holiday. See discussion supra.
[3] In considering this question, however, the clerk may wish to consult local counsel concerning any local provisions regulating the office hours.
[4] The State Board of Election Commissioners may wish to consider adopting a rule or regulation addressing this matter, pursuant to its authority to prescribe rules "necessary to secure uniform and efficient procedures in the administration of [Amendment 51] throughout the state[.]" Ark. Const. amend. 51, § 5(e).