**Bill Board Publishing Company, Appellant, v. F. C. McCarahan, Appellee.**

**Gen. No. 17,313.**

1. JUDGMENT—*power of court at subsequent term.* The court has no supervisory power of a judgment at a subsequent term except to amend it in matters of form and correct clerical errors.

2. APPEALS AND ERRORS—*order dismissing suit.* An order of dismissal is final and an order at a subsequent term setting it aside is void rather than erroneous.

3. APPEALS AND ERRORS—*when order dismissing motion is appealable.* Where a suit is dismissed for want of prosecution and a motion to reinstate at a subsequent term is denied, the order is appealable and a motion to dismiss the appeal is denied.

4. APPEALS AND ERRORS—*motion to reinstate at subsequent term.* Where a suit is dismissed for want of prosecution, a motion to reinstate at a subsequent term is properly denied, the court having jurisdiction to hear the motion but not to reinstate.

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed May 26, 1913.

SIMMONS, MITCHELL & IRVING, for appellant.

J. S. McCLURE, for appellee; WILLIAM STREET, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal from the order of December 21, 1910, denying the motion to set aside the order of March 10, 1910, which dismissed at complainant's costs the bill in equity of the Bill Board Publishing Company v. F. C. McCarahan.

The facts are fully set forth in the statement prefixed to the opinion in cause No. 17,366, filed contemporaneously herewith.

We have decided in that case that the order of March 10, 1910, was erroneous. If the motion, the denial of which is complained of in this appeal, had been made in time, it would have been a repetition of the error previously committed to deny it. But it was not made in time. The term in which the order of March 10 was entered had ended, and several other terms had elapsed. The case illustrates the distinction pointed out in the opinion in No. 17,366 between an erroneous order and one void for want of jurisdiction. The order of reference was interlocutory only, and the court did not lose jurisdiction of the cause by making it. The order of dismissal was final and after the term went by the cause was no longer in the court, nor did any power remain in it by reservation or otherwise to make an order of any kind in it. Such an order as was asked for would have been void rather than erroneous. There has never been any doubt on this point in Illinois since the decision in *Cook v. Wood*, 24 Ill. 295, where, in a well-considered case,

Judge Breese, speaking for the court, said: "When the judgment is perfected by the solemn consideration of the court, and duly entered on the records of the court, and the term closed, and the court adjourned, the same court which rendered the judgment, cannot have, and ought not to have, any supervisory power over it, at a subsequent term, except to amend it in mere matters of form." And again, "These views do not deprive courts, at a subsequent term, of the power to set right, matters of mere form in their judgments, or to correct misprisions of their clerks, or of the right to correct any mere clerical errors, so as to conform the record to the truth. * * * But for relief for errors in law, there can be no other appropriate proceedings, than by new trial, bill in chancery, writ of error, or appeal, as either may be found most appropriate and allowable by law."

This case was shortly followed by *Smith v. Wilson,* 26 Ill. 186, where the same judge, after holding that a certain dismissal of a suit was irregular and erroneous, said: "On the dismissal of the suit at the October term, 1860, the appellee should have taken an appeal, or sued out a writ of error. That was his remedy. At the ensuing November term, the case was off the docket—it had no longer a place in court, and the court had no jurisdiction over it to reinstate it." This doctrine has ever since been followed. A more recent decision, affirming it, *Tosetti Brewing Co. v. Koehler,* 200 Ill. 369, also explicitly declared that the Practice Act of 1872, abolishing the writ of error *coram nobis* and giving certain powers over a judgment to a court on motion after the term at which it was entered, had no application to orders or decrees in equity. As to them, therefore, the rule remains entirely unchanged since the decisions in *Cook v. Wood* and *Smith v. Wilson, supra.*

The Chancellor could have properly disposed of the motion under our consideration no otherwise than he

did. Our decision in this appeal, since we have on writ of error in cause No. 17,366 reversed the order of dismissal, is rather academic than otherwise except as to costs. But we must affirm the order of the Chancellor below. It is contended by appellee that the order was not an appealable one, and that we should dismiss the appeal. A motion to that effect was reserved until the hearing. It is now denied. The Supreme Court and this court have frequently affirmed such orders. See, for an example, *National Ins. Co. v. Chamber of Commerce,* 69 Ill. 22.

While the court below had no jurisdiction which would enable it to reinstate the cause on the motion herein discussed, it did have inherent jurisdiction to deny the motion on this ground; and such an order has been often treated as appealable. The order of the Circuit Court of December 21, 1910, denying the motion of the Bill Board Publishing Company to set aside the order of March 10, 1910, dismissing its bill against McCarahan is affirmed.

*Affirmed.*