## A. J. Hampton, Appellee, v. W. E. Grissom et al., Appellants.

Opinion filed November 9, 1936. .

DENISON & SPILLER, of Marion, for appellants.

LAN HANEY, of Herrin, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

On April 5, 1927, appellee filed his bill in chancery asking for certain relief; later, on August 8, 1927, after issue joined, the cause, by agreement of the parties, was referred to the master in chancery to take and report the proofs without findings. The latter made his report, and on September 27, 1927, after hearing on same, the bill was dimissed for want of equity.

Appellee, on October 8, 1927, moved the court to set aside the decree, and to allow him to present further testimony. The motion was sustained on October 11,

1927, the decree set aside, and the cause opened for the taking of further evidence. Nothing additional appears to have been done until February 2, 1932, when the court dismissed the suit "for failure of complainant to proceed with the same." The matter then rested until October 26, 1935, when appellee moved the court to set aside the order of dismissal entered February 2, 1932, and to reinstate the cause. The motion set forth that one of the appellee's then attorneys had moved to Chicago and was practicing law there on February 2, 1932, but had not withdrawn as solicitor for appellee; that complainant did not know the cause had been set for hearing, nor that same had been dismissed, until a few days prior to the filing of such motion, whereupon he employed his present counsel to present affidavits of complainant and his former solicitor. Appellants moved to strike the motion. The court, on December 17, 1935, overruled the motion to strike, sustained the motion to set aside the order of dismissal and reinstate the cause, which was accordingly done, and appellants seek by this appeal to reverse such rulings.

Appellants' position is that if the court erred in dismissing the cause, the error was one of law, which could be corrected by motion only during the term at which it was entered, and that appellee, having failed to file same for three years and nine months, during which time 15 terms of court had elapsed, the court was without authority to set aside the order of dismissal. Appellee's rejoinder to such contention is that the order dismissing the cause was void, hence could be attacked at any time thereafter, and the power to grant the motion could not be barred by lapse of time however great.

The rule of law is that where jurisdiction to hear the cause exists, and the parties are properly before the court, orders entered therein, which are germane to the cause, are not void, even though the court flag-

rantly erred in entering same. *Miller v. Rowan,* 251 Ill. 344; *Buckmaster v. Jackson,* 4 Ill. 104; 33 Corpus Juris, p. 1078, sec. 39.

That the subject matter of the litigation was one over which the court had jurisdiction, and that all of the parties were before the court, cannot be disputed; hence, within the rule stated, the order of dismissal was not void. Such order was final and appealable; *Bill Board Publishing Co. v. McCarahan,* 180 Ill. App. 539; and if it was erroneously entered, the error, being one of procedure, was one of law and not of fact. *Glaefke v. Western Electric Co.,* 145 Ill. App. 383.

The power of courts to set aside orders of dismissal, after the lapse of the term at which they were entered, has been considered by the courts numerous times. In *Gray v. Ames,* 220 Ill. 251, the court said: "No error of law of any kind will justify reviewing or annulling a decree at a subsequent term in a summary manner on motion, but relief against it must be obtained by appeal or writ of error, if the error is apparent on the face of the record, and if not, by bill of review or bill to impeach the decree for fraud or other similar cause. The same rule applies to this suit which has been dismissed by the court. After the expiration of the term the court is without authority to enter an order reinstating the cause and thus revest itself with jurisdiction of the person and subject matter of the suit. The suit having been dismissed, the order of May 4, 1904, attempting to reinstate it, and the decree entered upon the report of the master, were null and void and without binding force and effect."

It was held in *Pisa v. Rezek,* 206 Ill. 344, that a court is without power to set aside, at a subsequent term, an order dismissing an appeal, where the motion is based upon a claimed error of the court in applying rules of practice.

The court, in the early case of *Smith v. Wilson*, 26 Ill. 187, which has consistently been quoted with approval, upon the facts therein involved, said: "On the dismissal of the suit at the October Term, 1860, the appellee should have taken an appeal or sued out a writ of error. That was his remedy. At the ensuing November Term the case was off the docket; it had no longer a place in court, and the court had no jurisdiction over it to re-instate it."

In *Bill Board Publishing Co. v. McCarahan, supra,* where the trial court overruled a motion to set aside an order of dismissal made at a preceding term, the Appellate Court, in affirming the denial of such motion, held: "The order of dismissal was final, and after the term went by the cause was no longer in the court, nor did any power remain in it, by reservation or otherwise, to make an order of any kind in it. Such an order as was asked for would have been void rather than erroneous."

It thus appears that the order of dismissal entered February 2, 1932, was a final judgment; that if error was committed in its entry, the same was one of law and not of fact; that no power resided in the court to set aside such order at a subsequent term, and that appellee's remedy therefor was by appeal or writ of error, and not by motion such as was made.

The court erred in its order of December 7, 1935, in overruling appellants' motion to strike that of appellee's to set aside the order of dismissal entered February 2, 1932, and in sustaining appellee's motion to set aside such order, and reinstating the cause.

The judgment is reversed and the cause is remanded, with directions to strike appellee's motion to set aside such order of dismissal and to reinstate the case.

*Reversed and remanded with directions.*