Mary Pettigrove, Formerly Mary Wiles, Individually, Barbara Wiles, a Minor, by Mary Wiles, Her Mother and Next Friend, and Mary Wiles, Administrator of the Estate of James Wiles, Deceased, for the Use and Benefit of Mary Wiles and Barbara Wiles, Next of Kin of James Wiles, Deceased, Plaintiffs-Appellees, v. Parro Construction Corp., a Corporation, McMahan Illinois Corporation, a Corporation, and Ninora, Inc., a Corporation, Defendants. Parro Construction Corp., a Corporation, and McMahan Illinois Corporation, a Corporation, Defendants-Appellants.

Gen. No. 10,476.

Third District.

December 6, 1963.

Emanual Rosenberg, Joseph L. Rosenberg and Wayne L. Bickes, Rosenberg, Rosenberg & Bickes, all of Decatur, for appellants.

Edwin C. Mills, of Lincoln, for appellees.

REYNOLDS, J.

This is a personal injury suit filed in the Circuit Court of Logan County on June 13, 1960. On July 11, 1960, defendants, Parro Construction Corp. and Mc-Mahan Illinois Corporation, filed their motion for judgment on the pleadings, or in the alternative to dismiss the complaint. Ninora, Inc., a corporation, filed its answer July 14, 1960. On August 2, 1962, the following order was entered: "This day cause dismissed for want of prosecution with leave to reinstate within 30 days upon petition and for good cause

shown. Cause stricken." On September 4, 1962, plaintiff filed her petition to reinstate and on September 5, 1962, the petition to reinstate was allowed and the cause reinstated. On September 21, 1962, the defendants filed their motion to vacate the order reinstating the cause. On October 4, 1962, plaintiff Mary Miles filed suggestion of marriage and change of name, and her counter motion as an individual and as administrator and next friend, praying that the order of court dismissing the cause, entered August 2, 1962, be expunged, or in the alternative, that the court find and adjudge that the petition to reinstate was filed within the time. The motions before the court were argued and briefs were submitted. On March 15, 1963, the court entered an order holding that the order of August 2, 1962 was not a final order and that the court had full power and jurisdiction to set aside the order more than 30 days after the entry thereof, denied the motion to vacate and reinstated the cause. Defendants appeal to this court.

This appeal raises some very clear-cut legal questions. 1. Is an order dismissing a cause for want of prosecution, on the court's own motion, without notice to the parties, valid and within the court's jurisdiction? 2. Was such an order a final and appealable order? 3. Where the 30th day for filing petition to reinstate falls on Saturday, and the office of the clerk is closed, and Sunday and a holiday intervene so that the petition cannot be filed until the 33rd day, is such filing to be considered as within the 30-day period permitted for filing?

■ Plaintiff takes the position that the order dismissing the cause for want of prosecution was not within the jurisdiction of the court, claiming the cause was not at issue and the plaintiffs were not in default. The cases cited in support of this contention are not in point. In one case there was no jurisdiction

of certain defendants. In another the cause had not been reached for trial. In another the issues has not been made. The cases cited, while reversing an order dismissing for want of prosecution, all emphasize that it is within the power of the court to dismiss, upon proper grounds. If there is an invalidity in the order, whether it appears on its face, or because of lack of jurisdiction of parties, or for some reason, the court may set aside, reform or expunge, after the 30 day period. In other words, the rule that the court is without jurisdiction to set aside a final judgment after the expiration of the period prescribed for the vacating or setting aside of judgments has no application to void orders or judgments. ILP, Judgments Sec 166.

■ In this case there does not appear to be any lack of jurisdiction as to the subject matters or the parties. The cause had been commenced in 1960, and had not been tried two years later. The record does not show whether notice of any kind was given to any of the parties before the court entered the order of dismissal on August 2nd, 1962. We do not believe notice before the entry of the order was a prerequisite to its validity. There was notice to the parties after the entry of the order. This court cannot find in the record any fact or circumstance to show any invalidity in or lack of jurisdiction to enter the order of dismissal on August 2nd, 1962.

■ ■ Was the order a final and appealable order? Our courts have said that it was. An order dismissing a cause for want of prosecution is final. Such an action is an absolute disposition of the case. Nichols Illinois Civil Practice, Vol 6, Sec 5926. Hampton v. Grissom, 287 Ill App 294, 4 NE2d 895. An order dismissing a bill for want of prosecution is a final order. Meyer v. I. Lurya Lumber Co., 203 Ill App 300. An order dismissing a cause for want of prosecution is an involuntary nonsuit and is final in its nature and appealable. Liberty Mut. Ins. Co. v. Congress Mich.

424

Auto Park, Inc., 19 Ill App2d 502, 505, 154 NE2d 298; Craven v. Craven, 407 Ill 252, 255, 95 NE2d 489; Zisook v. Industrial Commission, 347 Ill App 178, 106 NE2d 156. In this cause, the wording of the order of dismissal, where the court gave lease to reinstate upon petition and for good cause shown within 30 days, added nothing to the rights of the plaintiffs. While the authority to grant or refuse such a petition to reinstate rested with the court, our statutes provide the right for vacation of the order of dismissal and to reinstate. Chap 77, Sec 83; chap 110, Sec 50(6); Ill Rev Stats. The language of the Judgment Act and that of the Practice Act is in pari materia and is to be construed together. The Judgment Act provides that any such final judgment, decree or order may hereafter be modified, set aside or vacated prior to the expiration of thirty days from the date of its rendition or in pursuance of a motion made within such thirty days, wherever, under the law heretofore in force, it might have been modified, set aside or vacated prior to the expiration of the term of court at which it was rendered or in pursuance of a motion made at that term. The Practice Act provides that the court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions as shall be reasonable. The time for filing a motion was formerly at the term in which the order, judgment or decree was entered. Now it is limited to 30 days after entry of the order, judgment or decree. Except for reopening under the provisions of Section 72 of the Practice Act, which is a new proceeding, the right of the trial court to set aside or vacate an order, judgment or decree is limited to 30 days after entry, and the court is without power to do so after the 30 days have elapsed, except to amend as to form. People v. Lewe, 380 Ill 531, 535, 44 NE2d 551; Totten v.

Totten, 299 Ill 43, 132 NE 277; Barnard v. Michael, 392 Ill 130, 135, 63 NE2d 858; Hampton v. Grissom, 287 Ill App 294, 4 NE2d 895; Brockmeyer v. Duncan, 18 Ill2d 502, 505, 165 NE2d 294.

██ ██ Having held that the order was valid and within the jurisdiction of the court, that the order was a final and appealable order and that the court is limited to reviewing its order to 30 days after its entry, the remaining question is whether the 30 days had run when the petition to reinstate was filed. It is not questioned that the filing was on the 33rd day, but it is contended that because the office of the clerk of the circuit court was closed on Saturday, the following day was Sunday, and the following day was a legal holiday, the petition could not be filed until September 4th, 1962. Some offices are closed on Saturday by Statute, and others may be closed in accordance with authority granted by the Statutes. Chapter 34, Section 303 provides for Saturday closing of certain offices by the County Board or Board of Supervisors. Section 6 of Chapter 25 provides for the closing of the offices of the clerks of the Circuit Court by rule of court. In this case, it is alleged and not disputed that the office of the clerk was closed on Saturday, September 1, 1962. If it was by rule of court, the court could take judicial notice of its own rule. But whether closed by rule or not, as a practical matter the office was closed so that there was no opportunity for the plaintiffs to file their petition. It is a matter of common knowledge and practice that most, if not all, of the offices of clerks of the Circuit Court in Illinois have been and are closed on Saturday.

The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State and then it shall also be excluded. If the day succeeding such Sunday or

426

holiday is also a holiday or a Sunday then such succeeding day shall also be excluded. Chapter 131, Section 1.11, Ill Rev Statutes. In this case, excluding the 2nd day of August and including the 1st day of September 1962, would make Saturday the 1st day of September the 30th day as provided by Statute and by the order of the court. On that day the office of the clerk was closed.

It was never intended by our lawmakers or our courts to lay down a rule that a litigant must do that which he cannot do. Such an absurdity was not contemplated. In this case, had the 30 days expired on Sunday and the following day was a holiday, it is unquestioned that the plaintiffs would have been entitled to file their petition to reinstate on the 32nd day. It is logical to hold that where the 30th day expired on Saturday and the office was closed on Saturday, whether by rule of court or otherwise, the plaintiffs had no control over this closing and could not do what the Statutes and the order of court required or permitted them to do, so that the exclusion of the day when the office was closed is proper. The Practice Act itself lays down the broad rule that the Act shall be liberally construed to the end that controversies may be speedily and finally determined according to the substantive rights of the parties. Section 4, Chap 110, Ill Rev Stats. This court must therefore hold, as a matter of practical application of the law, that where an office is closed on the final day for the doing of any act provided by law to be done, that day shall also be excluded. Accordingly, the petition to reinstate having been filed on September 4th, 1962, the first day filing was available to the plaintiffs, the petition was filed in apt time and the court had the right and authority to reinstate.

Affirmed.

CARROLL, P. J. and ROETH, J., concur.