246 So.2d 97 (1971)
Robert M. STOCKSLAGER and Myrtle R. Stockslager, His Wife, Petitioners,
v.
DALY ALUMINUM PRODUCTS, INC., a Florida Corporation, Respondents.
No. 40752.
Supreme Court of Florida.
March 31, 1971.
Robert W. Holman, of Hammond & Holman, Pinellas Park, for petitioners.
Larry G. Rightmyer, of Goldner, Marger, Davis & Rightmyer, St. Petersburg, for respondents.
McCAIN, Justice.
This cause is before us on petition for writ of certiorari to review a decision of the Second District Court of Appeal entered December 11, 1970, 244 So.2d 528, wherein the District Court stated:
"This particular provision of the Mechanic's Lien Law has never been construed in Florida. We believe that notice as provided for in the statute cannot be effective until received. However, since the last day, the forty-fifth day as prescribed in the statute, fell on Sunday we further hold that the receipt of notice was timely since it was received on the forty-sixth day, the forty-fifth day being on Sunday. We arrived at this conclusion by comparing FRCP 1.090(a), 30 F.S.A. and F.A.R. 3.18, 32 F.S.A. While we recognize the Mechanic's Lien Law statute is silent in this regard it makes sense that the same construction be placed upon the statute as is laid down in the rules."
This result is alleged to be in conflict with our decision in In re McRae's Estate, 73 So.2d 818 (Fla. 1954), wherein we held the provisions of the Common Law and Equity Rules then in effect relative to computations of time inapplicable to the statute prescribing procedure for appeal from the County Judge's Court. The result in McRae was that appellant, who had filed her notice of appeal on a Monday and on the thirty-first day after entry of the challenged order, had filed an untimely appeal. Although Rule 5.050(h), PGR, effectively supersedes our decision in McRae, we take this opportunity to recede from the rationale of that case insofar as it relates to computations of time, and to expressly approve the rationale of the District Court in the instant case.
In Dade County Planning Department v. Ransing, 158 So.2d 528, (Fla. 1963), involving timeliness of an application for review filed with the Industrial Relations Commission on the 21st day after the entry of the order of the Deputy, where the 20th day fell on a Sunday, we said, "* * * as a matter of construction and obviation of confusion the computations should be the same * * * an interpretation harmonizing the procedures will redound to clarification and simplification. * * *" We held the appeal timely and directed the Full Commission to entertain the cause upon its merits.
*98 To our statement in that case only one comment need be added: the rule established therein has the additional benefit of recognizing the impossibility of performing most procedural acts set up by statute on a Sunday or holiday. Accordingly, absent a clear statutory mandate dictating a different result, we decline to ascribe to the Legislature an intent to require a party to perform an impossible act.
The Mechanics' Lien Act is silent on the question of computations of time. Therefore, we agree with District Court that since the last day on which respondent's notice of lien could have been filed fell on a Sunday, the notice filed on the following day was timely.
Certiorari denied.
ROBERTS, C.J., and ERVIN, CARLTON and DEKLE, JJ., concur.