EMMETSBURG READY MIX CO.,
d/b/a Clay County Concrete,
Appellant,

v.

G. Kennon NORRIS and Margaret M.
Norris, Husband and Wife, Individual-
ly, and as Partners in 18 Norris Place,
an Iowa Partnership, Appellees.

No. 83–461.

Supreme Court of Iowa.

Feb. 13, 1985.

Donald J. Bormann of Doran & Bor-
mann, Emmetsburg, and Redge O. Berg,
Spencer, for appellant.

David A. Scott of Cornwall, Avery,
Bjornstad & Scott, Spencer, for appellees.

REYNOLDSON, Chief Justice.

The fighting issue in this case is whether
the statutory thirty days' time (following
statutory notice) granted a mechanic's lien-
holder for bringing an action to enforce the
lien can be narrowed to twenty-nine days
when the courthouse is locked on the thirti-
eth day for a declared holiday.

The operative facts are few. Plaintiff
Emmetsburg Ready Mix Co. (Ready Mix)
filed a mechanic's lien against real estate
owned by defendants G. Kennon and Mar-
garet M. Norris (Norris). Norris served
Ready Mix with an Iowa Code section 572.-
28 [1] demand to bring suit within thirty
days. These parties agree that the thirti-
eth day fell on Friday, December 24, 1982.
When Ready Mix went to file its action on
that day it found the courthouse locked in
observance of the Christmas holiday. The
action thus was filed on the next business
day, Monday, December 27, 1982. Norris
filed a special appearance seeking dismissal
of the Ready Mix petition on the ground it
had not been filed within the statutory
thirty-day period. Ready Mix resisted the
special appearance. District court dis-
missed the action and Ready Mix has filed
a timely appeal. We reverse and remand.

I. Norris asserts a proper interpretation
of three Code sections mandates the result
reached by the district court.

Iowa Code section 4.1 states in relevant
part:

---

1. Iowa Code section 572.28 provides:
   Upon the written demand of the owner, his
   agent, or contractor, served on the lienholder
   requiring him to commence action to enforce

his lien, such action shall be commenced
within thirty days thereafter, or the lien and
all benefits derived therefrom shall be forfeit-
ed.

In the construction of the statutes, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the general assembly, or repugnant to the context of the statute:

. . . .

22. *Computing time—legal holidays.* In computing time, the first day shall be excluded and the last included, unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday, provided that, whenever by the provisions of any statute or rule prescribed under authority of a statute, the last day for the commencement of any action or proceedings, the filing of any pleading or motion in a pending action or proceedings or the perfecting or filing of any appeal from the decision or award of any court, board, commission or official falls on a Saturday, a Sunday, the first day of January, the twelfth day of February, the third Monday in February, the last Monday in May, the fourth day of July, the first Monday in September, the eleventh day of November, the fourth Thursday in November, the twenty-fifth day of December, and the following Monday whenever any of the foregoing named legal holidays may fall on a Sunday, and any day appointed or recommended by the governor of Iowa or the president of the United States as a day of fasting or thanksgiving, the time therefor shall be extended to include the next day which is not a Saturday, Sunday or such day hereinbefore enumerated.

Iowa Code section 33.1 provides:

Legal public holidays. The following are legal public holidays:

1. New Year's Day, January 1.

2. Lincoln's Birthday, February 12.

3. Washington's Birthday, the third Monday in February.

4. Memorial Day, the last Monday in May.

5. Independence Day, July 4.

6. Labor Day, the first Monday in September.

7. Veterans Day, November 11.

8. Thanksgiving Day, the fourth Thursday in November.

9. Christmas Day, December 25.

Iowa Code section 617.8 provides:

Holidays. No person shall be held to answer or appear in any court on any day now or hereafter made a legal holiday.

Norris asserts these statutes are plain and unambiguous. Because December 24, 1982, was not an enumerated legal holiday, the Iowa Code section 572.28 thirty-day period could not be extended.

Ready Mix argues such an interpretation of the statutes is strained, and leads to absurd consequences. It points to the provisions of Iowa Code sections 4.4 ("In enacting a statute, it is presumed that . . . [a] just and reasonable result is intended."), and 4.6 ("If a statute is ambiguous, the court, in determining the intention of the legislature, may consider . . . [t]he object sought to be obtained . . . [and] . . . [t]he consequences of a particular construction.").

Iowa Code section 33.2 ("Paid holidays") sheds further light on legislative intent:

If a holiday enumerated in this section falls on Saturday, the preceding Friday shall be granted and if a holiday enumerated in this section falls on Sunday, the following Monday shall be granted.

It would seem more than passing strange that the general assembly would deprive a litigant of a statutory right as a result of a courthouse being closed on a day all state employees, by statutory mandate, were enjoying a paid holiday.

■ Our decisions establish the rule that "[t]he goal in construing statutes is to ascertain legislative intent. . . . The spirit of the statute must be considered as well as the words. . . . A sensible, workable, practical, and logical construction should be given. . . . Inconvenience or absurdity should be avoided." *Hansen v. State*, 298 N.W.2d 263, 265–66 (Iowa 1980). *See also Brandon v. Roy*, 147 N.W.2d 810, 813 (Iowa 1967); *Janson v. Fulton*, 162

N.W.2d 438, 442–43 (Iowa 1968). The legislature has cautioned that the Code's "provisions and all proceedings under it shall be liberally construed with a view to promote its objects and assist the parties in obtaining justice." Iowa Code § 4.2.

II. *Pettigrove v. Parro Construction Corp.*, 44 Ill.App.2d 421, 194 N.E.2d 521 (1963), presents facts similar to the case before us. In *Pettigrove*, plaintiff's cause was dismissed for failure to prosecute. The final day for filing a motion to reinstate fell on a Saturday, when the clerk's office was closed. The following Monday was a legal holiday. Plaintiff filed her motion to reinstate on Tuesday. This motion was challenged as untimely. The Illinois statute provided for enlargement of time where the terminal day fell on Sunday or a holiday, but not Saturday. The Illinois appellate court construed the statute liberally, stating:

> It was never intended by our lawmakers or our courts to lay down a rule that a litigant must do that which he cannot do. Such an absurdity was not contemplated. In this case, had the 30 days expired on Sunday and the following day was a holiday, it is unquestioned that the plaintiffs would have been entitled to file their petition to re-instate on the 32nd day. It is logical to hold that where the 30th day expired on Saturday and the office was closed on Saturday, whether by rule of court or otherwise, the plaintiffs had no control over this closing and could not do what the Statutes and the order of court required or permitted them to do, so that the exclusion of the day when the office was closed is proper. The Practice Act itself lays down the broad rule that the Act shall be liberally construed to the end that controversies may be speedily and finally determined according to the substantive rights of the parties.

*Id.* at 427, 194 N.E.2d at 524; *see also Burgess v. Erickson*, 72 Ill.App.2d 85, 86, 218 N.E.2d 111, 112 (1966).

In *Stockslager v. Daly Aluminum Products*, 246 So.2d 97 (Fla.1971), the Florida Supreme Court was persuaded, on policy grounds, to "recede from" a precedent that would have barred plaintiff from filing his mechanic's lien outside the statutory limit when the terminal day fell on a Sunday. The Florida mechanic's lien law was silent on the question. The *Stockslager* court found that the statute governing computations of time should be construed so as to obviate confusion and promote clarity and simplicity. Such an approach, the court wrote, had "the additional benefit of recognizing the impossibility of performing most procedural acts set up by statute on a Sunday or holiday. Accordingly, absent a clear statutory mandate dictating a different result, we decline to ascribe to the Legislature an intent to require a party to perform an impossible act." *Id.* at 98.

We are persuaded by the rationale of these cases. We find the legislature never intended the thirty-day filing period allowed in the specific statute, Iowa Code section 572.28, to be affected by a strict construction of Iowa Code section 4.1(22). Our conviction is reinforced by the lead-in sentence in Iowa Code section 4.1, withholding the application of the enumerated rules where "such construction would be inconsistent with the manifest intent of the general assembly." To the extent that some of the language in *Barlow v. Midwest Roofing Co.*, 249 Iowa 1358, 92 N.W.2d 406 (1958), is inconsistent with this opinion, the same is overruled.

We reverse the ruling of the district court and remand for reinstatement of the action and further proceedings.

**REVERSED AND REMANDED.**