THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
NICHOLAS MONTENEGRO, Defendant-Appellee.

Second District   No. 2—89—0077

Opinion filed August 31, 1990.—Rehearing denied October 31, 1990.

Gary V. Johnson, State's Attorney, of Geneva (William L. Browers and Colleen M. Griffin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Nicolas Montenegro, was arrested on July 13, 1988, and indicted with three other men on July 19, 1988, for unlawful delivery of a controlled substance (cocaine) (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(a)(2)). He was discharged when the trial court determined that the 120-day period specified for his right to a speedy trial under section 103—5(a) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(a)) had expired by November 14, 1988. On appeal, the State contends that the trial court erred in finding that the 120-day period expired when defendant occasioned delay by requesting supplemental discovery. We reverse and remand.

On August 1, 1988, defense counsel was appointed; she filed a motion for discovery, and the matter was continued until August 22, 1988, for compliance with discovery. The State filed its answer to discovery on August 1, 1988. On August 22, 1988, defendant filed a motion for supplemental discovery, and his counsel stated:

> "I don't know how long it would take for the State to obtain these additional materials which are requested, but I would imagine that it would take some time. The lab analysis obviously will take the longest, but the other reports, I think, would probably be able to be tendered within a couple of weeks."

The court set September 6, 1988, for a status hearing on discovery. On September 6, the State requested another week to comply with

the discovery request but agreed with defendant that a trial date could be set. The court set September 21, 1988, for a pretrial conference and stated that it would set a trial date at that time. The State filed its answer to the discovery request on September 21, 1988. On September 27, 1988, the trial was set for November 14, 1988, with a final pretrial conference set for November 10, 1988.

After the cause had been set for trial, it was transferred to a different judge. On January 3, 1989, defendant filed a motion for discharge, which he supported with the transcripts of the previous hearings before the first judge. The trial court read the transcripts and heard the arguments of counsel. The court determined that the August 22 motion was not a request to extend the discovery but instead was merely a request for supplemental discovery and, since the period up to September 6 was unreasonable, it did not cause a delay of trial. The court ruled that the motion did not occasion a delay that could be attributable to defendant. Therefore, since more than 120 days had elapsed between defendant's arrest on July 13, 1988, and November 14, 1988, the trial court ordered defendant discharged.

■■ Section 103—5(a) of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(a)) gives effect to every defendant's right to a speedy trial. The State has the burden of bringing a defendant to trial within 120 days following the date he was taken into custody, but this period may be suspended temporarily for a number of reasons, including delay occasioned by the defendant. The relevant inquiry is whether a defendant's act in fact caused or contributed to the delay. (*People v. Turner* (1989), 128 Ill. 2d 540, 550; *People v. Paulsgrove* (1989), 178 Ill. App. 3d 1073, 1076.) The defendant bears the burden of establishing facts which show a violation of the speedy-trial statute. (*Turner*, 128 Ill. 2d at 550.) The decision of the trial court as to accountability for delay in bringing a defendant to trial should not be overturned unless there was a clear abuse of discretion. 128 Ill. 2d at 551.

■■ We note at this point that a single day's delay occasioned by defendant was sufficient to result in the November 14, 1988, trial date being within the 120-day period. The period commenced the first day following the date of arrest on July 13, 1988. (*People v. Grant* (1982), 104 Ill. App. 3d 183, 188.) The 120th day was Thursday, November 10, 1988. If there was a one-day delay causing a one-day enlargement of time, the period would have expired on Veterans Day, a holiday. (See Ill. Rev. Stat. 1987, ch. 1, par. 3116.) Since holidays, Saturdays and Sundays are not included in the computation of the last day (*People v. Miles* (1988), 176 Ill. App. 3d 758, 775; *People v. Hill* (1973), 15 Ill. App. 3d 349, 354), the period would have expired on

Monday, November 14, the scheduled trial date. Thus, if defendant's discovery motion occasioned a single day's delay, defendant's right to a speedy trial was not violated. Defendant also admitted that, if any of the delay were attributed to him, the term would not have expired.

■■ ■ A defendant is entitled to discovery. (*People v. Nunnery* (1973), 54 Ill. 2d 372, 377.) All discovery motions are not intrinsically dilatory; therefore, not every such motion will extend the statutory period. (*People v. Frame* (1988), 165 Ill. App. 3d 585, 591.) A discovery motion which the State could answer quickly would cause little or no delay, whereas a motion which requests answers which are not readily available will cause delays appropriately charged against a defendant. (*People v. Scott* (1973), 13 Ill. App. 3d 620, 630.) Whether a motion in fact causes delay depends on the facts and circumstances of each case, and the trial court must appraise the timeliness and complexity of the motion. (*Scott*, 13 Ill. App. 3d at 630.) A discovery motion on the eve of trial may cause delay (*People v. Thomas* (1975), 25 Ill. App. 3d 88, 90-91) or may not cause delay if compliance may be had immediately if the State were truly ready for trial (*Nunnery*, 54 Ill. 2d at 377).

■■ Whether a discovery request is complex depends on the facts and circumstances of every case and the amount of preparation necessary to comply with the request. For example, where the State must supply a lengthy list of witnesses who reside in various locations, numerous exhibits and a large amount of scientific evidence, the discovery request is complex and compliance with such discovery causes delay attributed to a defendant. (*People v. Green* (1975), 30 Ill. App. 3d 1000, 1006-07.) By contrast, where the State can respond almost immediately by supplying police reports, statements of witnesses and a list of potential witnesses, the request is not extraordinary and does not occasion delay. *People v. Mollet* (1975), 28 Ill. App. 3d 415, 418.

In the present case, the State argues that the supplemental discovery motion was complex and therefore occasioned delay, while defendant argues that the motion requested nothing that he was not already entitled to have.

Defendant's motion for supplemental discovery requested reports of Drug Enforcement Agency (DEA) officials referred to in reports previously supplied; an opportunity for a court-appointed translator to transcribe the tape-recorded statement of Jose Nunez-Balderas, a co-indictee; a report on what plea bargains or agreements had been made with Nunez-Balderas in exchange for his testimony; reports concerning prior drug transactions between a different co-indictee and the police; copies of the laboratory analysis of the controlled sub-

stance seized; and a copy of the Spanish language *Miranda* card.

Some of the items requested, such as information concerning the plea bargain and the *Miranda* card, would not have taken long to provide and thus did not contribute to the delay. The request for the laboratory analysis also did not contribute to the delay because, if the State were ready for trial, it would have already procured the analysis sufficient to prove an element of the crime charged, whereas defendant's defense did not rest on disproving the chemical composition of the cocaine. As for the DEA reports, there was no showing that these reports were previously requested or that the State had ready access to them, and there is nothing in the record to indicate whether they could have been supplied immediately.

■ The request for a tape-recorded statement of Nunez-Balderas, however, was more than a simple request. The interview was conducted in English and Spanish with contemporaneous translations, but defendant sought an opportunity for an independent translator to make arrangements to listen to the tape. The State argued that getting the statement transcribed and arranging for the interpreter to listen to the tape took a lot of time. It was something more than the State needed to be prepared for trial. (*Cf. Green*, 30 Ill. App. 3d at 1018 (Simon, J., concurring).) We believe that, under the facts in this case, it did cause a delay of at least one day.

We make this determination by noting that defendant's act of filing a motion for supplemental discovery caused a delay due to the fact that the State needed time to respond. While it is clear that some of the material requested was relatively easy to produce (*i.e.*, the plea bargain request and *Miranda* card), other portions of the request were not easily ascertainable. As defense counsel stated during the hearing on August 22, 1988, "I don't know how long it would take for the State to obtain these additional materials which are requested, but I would imagine that it would take some time." As the court stated in *Scott*:

> "[A] discovery motion that calls for answers which are not quickly available or requests answers replete in detail would cause a legitimate delay; such a motion is properly attributable to a defendant and tolls the running of the statutory period." *Scott*, 13 Ill. App. 3d at 630.

See also *People v. Henderson* (1976), 39 Ill. App. 3d 164, 167-68; *Green*, 30 Ill. App. 3d at 1006-07.

It is obvious in this case that the State would need a considerable amount of time in order to comply with defendant's request. As other courts have pointed out, a defendant is responsible for the time rea-

sonably associated with the processing of his pretrial motions. (*Paulsgrove*, 178 Ill. App. 3d at 1077; *People v. DeCarlis* (1980), 88 Ill. App. 3d 634, 637-38.) We believe that the State was entitled to a reasonable amount of time to comply with defendant's request for supplemental discovery, especially considering the relative complexity in translating certain transcripts from Spanish to English. This time, which was at least one day, should have been charged to defendant for purposes of the speedy-trial statute. Thus, given that defendant caused a portion of the delay, the trial court erred in discharging defendant for a violation of his right to a speedy trial.

For the above reasons, the order of the circuit court of Kane County discharging defendant for violation of his right to a speedy trial is reversed, and the cause is remanded for proceedings consistent with this disposition.

Reversed and remanded.

WOODWARD and GEIGER, JJ., concur.