*In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COLLECTOR OF COOK COUNTY, ILLINOIS, For Judgment and Order of Sale for Lands and Lots Returned for Nonpayment of Annual General Real Estate Taxes for 1996 and Prior Years. (Phoenix Bond and Indemnity Company, Petitioner-Appellant, v. David D. Orr, County Clerk, *et al.*, Respondents-Appellees).

First District (4th Division)   No. 1—00—1953

Opinion filed June 28, 2001.

Phoenix Bond & Indemnity Company, of Chicago (Stanford D. Marks and Andrew W. Marks, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Tatia C. Gibbons, Assistant State's Attorneys, of counsel), for appellees.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Petitioner, Phoenix Bond & Indemnity Company (Phoenix), appeals the circuit court's denial of its motion to expunge redemption against respondents John and Joann Bacino (the Bacinos) and David D. Orr, county clerk of Cook County. In its motion, Phoenix asserted that the Bacinos' redemption deposit, submitted on January 31, 2000, 24 months and 1 day from the date of the tax sale, was insufficient and inadequate and did not comply with section 21—355(b)(5) (35 ILCS 200/21—355(b)(5) (West 1998)) of the Illinois Property Tax Code (35 ILCS 200/1—1 *et seq.* (West 1998) (Code)). Respondents contended that because January 30, 2000, the date of expiration of an accrued penalty period, fell on a Sunday, section 1.11 (5 ILCS 70/1.11 (West 1998) (section 1.11)) of the Statute on Statutes (5 ILCS 70/0.01 *et seq.* (West 1998)) extended the deadline to submit payment at four times the penalty bid rate until the next business day, Monday, January 31, 2000. The circuit court denied Phoenix's motion, refusing to bifurcate the issues of redemption expiration and penalty accrual. Phoenix appeals.

The legal issue presented is whether section 1.11 is applicable to abate the expiration of an accrual period for penalty rates for the purposes of assessing the amount of tax redemption owed.

On January 30, 1998, the Cook County collector conducted its annual sale of delinquent real estate taxes for the 1996 tax year. At that

sale, Phoenix purchased a lien for delinquent real estate taxes on property identified as permanent index number 30—08—402—002—0000 (subject premises). As evidence of its completed acquisition, Phoenix received a certificate of purchase. At the time of sale, the Bacinos had an interest in the subject premises.

On January 14, 2000, the county clerk of Cook County prepared an official estimate of cost of redemption for the subject premises. The estimate is returned to the clerk once redemption occurs. The estimate in the instant matter, when issued to the Bacinos on January 18, 2000, indicated that because more than 18 and less than 24 months had passed since the 1998 tax sale, the accrued penalty due amounted to $7,503.28, which was calculated by multiplying the penalty period times four and dividing that percentage into the certificate amount paid by Phoenix at the sale. Further, the estimate stated that "[s]ale penalties increase every 6 months from the date of sale," and an additional penalty of 18% amounting to $1,875.82 would be added after January 30, 2000, which fell on a Sunday. The total cost of redemption until January 30, 2000, including fees, penalties, and subsequent taxes, equaled $40,452.35.

On Monday, January 31, 2000, the Bacinos delivered the estimate to the clerk together with their redemption, totaling $40,452.35, which did not include the $1,875.82 that the estimate stated on its face was to have been a part of any redemption made after January 30, 2000. The office of the county clerk of Cook County was closed on Sunday, January 30, 2000. Nevertheless, the clerk accepted the redemption payment at four times the penalty rate on the next business day.

On February 9, 2000, Phoenix filed a motion to expunge redemption, challenging the amount paid by the Bacinos and accepted by the clerk to redeem the subject premises. Phoenix contended that the redemption deposit was insufficient and inadequate because it was made after 24 months from the date of sale and, consequently, should have included $1,875.82, the accrued amount totaling five times the penalty rate, instead of four times the penalty rate.

In their responses to Phoenix's motion, both the clerk and the Bacinos cited section 1.11,[1] arguing the Bacinos could not redeem on a

---

[1]Section 1.11 of the Statute on Statutes provides:

"The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State, and then it shall also be excluded. If the day succeeding such Saturday, Sunday or holiday is also a holiday or a Saturday or Sunday then such succeeding day shall also be excluded." 5 ILCS 70/1.11 (West 1998).

Sunday and were, therefore, entitled to redeem on the succeeding Monday without any change in the amount of the deposit despite the passage of 24 months from the date of sale on the previous day. Phoenix replied to those answers by distinguishing between the act of redemption, which legally could not expire on a Sunday, and the accrual of penalty rates, which occurs on the first day of each succeeding six-month period from the date of sale.

On May 22, 2000, the circuit court denied Phoenix's motion to expunge, stating that the court would not "bifurcate the issue of redemption and penalty." From this ruling, Phoenix appeals.

Phoenix asserts that the accrual of a penalty on a tax certificate, which evidences the sale of the county collector's judgment, is similar to accruals of interest on any other judgment or debt and, therefore, is neither subject to abatement on nonbusiness days nor defined as an act that the judgment debtor must perform. Phoenix argues that the Bacinos' right to redeem did not expire on Monday, January 31, 2000; instead, the amount necessary for redemption increased as of that date. As a result, Phoenix maintains that the semi-annual accrual of penalty should be governed by the Code and not by the time constraints of section 1.11.

Respondents argue that the taxpayer's act of depositing payment to redeem his property cannot be separated from the determination of the penalty amount owed. Respondents contend that where the last day to redeem at a specified rate occurred on a Sunday, it follows that the taxpayer could redeem the subject premises the next business day pursuant to section 1.11. The act of redemption cannot take place on a Sunday and, therefore, according to respondents, the clerk properly excluded January 30, 2000, from the computation of the penalty accrual period.

•1 The Code provides that after judgment has been rendered against property for nonpayment of taxes and the requisite notice has been issued, the county collector may offer the property for sale at a public tax sale. See 35 ILCS 200/21—190 (West 1998). Upon sale of the property, the county clerk issues a certificate of purchase to the buyer, countersigned by the collector, which describes the property. See 35 ILCS 200/21—250 (West 1998). The certificate indicates the date of sale, amount of taxes, special assessments, interest, and costs for which the property was sold, and confirms that payment of the sale price has been made. See 35 ILCS 200/21—250 (West 1998). Issuance to a tax buyer of a certificate of purchase for delinquent taxes does not affect the delinquent property owner's legal or equitable title to the property. See *In re Petition of Conrad Gacki Profit Sharing Fund for Tax Deeds*, 261 Ill. App. 3d 982, 984, 634 N.E.2d 1281 (1994).

The owner or person interested in the property has the right to redeem the property from the tax sale. See 35 ILCS 200/21—345 (West 1998).

Sections 21—345 (35 ILCS 200/21—345 (West 1998)) and 21—350 (35 ILCS 200/21—350 (West 1998)) of the Code prescribe the manner and method of redemption and the time period for redemption, respectively. Section 21—355 (35 ILCS 200/21—355 (West 1998) (section 21—355)) of the Code sets out provisions for establishing the amount of the tax redemption, calculated by the cost of the certificate of purchase plus a penalty, computed through the date of redemption as a percentage of the certificate amount.[2]

●2 The instant case requires interpretation and application of the Code and other provisions of Illinois law. Questions of statutory construction are reviewed *de novo*. *In re Application for Tax Deed*, 285 Ill. App. 3d 930, 932, 675 N.E.2d 285 (1997). The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *People ex rel. Baker v. Cowlin*, 154 Ill. 2d 193, 197, 607 N.E.2d 1251 (1992) (*Cowlin*). In determining legislative intent, the first step involves examining the language of the statute. *People v.*

---

[2]Section 21—355 provides in pertinent part:

"Any person desiring to redeem shall deposit an amount specified in this Section with the county clerk of the county in which the property is situated *** payable to the county clerk of the proper county. The deposit shall be deemed timely only if actually received in person at the county clerk's office prior to the close of business as defined in Section 3—2007 of the Counties Code on or before the expiration of the period of redemption or by United States mail with a post office cancellation mark dated not less than one day prior to the expiration of the period of redemption. The deposit shall be in an amount equal to the total of the following:

(a) the certificate amount, which shall include all tax principal, special assessments, interest and penalties paid by the tax purchaser together with costs and fees of sale and fees paid under Sections 21—295 and 21—315 through 21—335;

(b) the accrued penalty, computed through the date of redemption as a percentage of the certificate amount, as follows:

* * *

(4) if the redemption occurs after 18 months from the date of sale and on or before the expiration of 24 months from the date of sale, the certificate amount times 4 times the penalty bid at sale;

(5) if the redemption occurs after 24 months from the date of sale and on or before the expiration of 30 months from the date of sale, the certificate amount times 5 times the penalty bid at sale[.]" 35 ILCS 200/21—355 (West 1998).

*Dinger*, 136 Ill. 2d 248, 257, 554 N.E.2d 1376 (1990). Legislative intent as to the meaning of words can be ascertained from the history of the legislation or from the use of terms in other sections of the same or other statutes. *Christ Hospital & Medical Center v. Illinois Comprehensive Health Insurance Plan*, 295 Ill. App. 3d 956, 961, 693 N.E.2d 1237 (1998). Where the statutory language is clear, it will be given effect without resort to other aids for construction. *Cowlin*, 154 Ill. 2d at 197. If the statutory language is ambiguous, the court can consider the purpose behind the law and the evils the law was designed to remedy. *Wagner v. City of Chicago*, 166 Ill. 2d 144, 149, 651 N.E.2d 1120 (1995). The court, however, must construe the statute as written and may not, under the guise of construction, supply omissions, remedy defects, annex new provisions, add exceptions, limitations, or conditions, or otherwise change the law so as to depart from the plain meaning of the language employed in the statute. *Toys "R" Us, Inc. v. Adelman*, 215 Ill. App. 3d 561, 568, 574 N.E.2d 1328 (1991).

●3 Illinois law favors redemptions, and the redemption statutes will be liberally construed unless injury to the tax purchaser results. *In re Application of the Cook County Treasurer*, 185 Ill. 2d 428, 432, 706 N.E.2d 465 (1998). The Code provides that in order to effect timely a redemption at a penalty rate four times the bid amount, the redemption must occur within an 18- to 24-month period after the date of the tax sale. 35 ILCS 200/21—355 (b)(4) (West 1998) (section 21—355(b)(4)). Illinois courts previously have applied section 1.11 to the expiration of the redemption period. See *M.E. Stein & Co. v. Jones*, 13 Ill. App. 3d 184, 300 N.E.2d 553 (1973); *John Allan Co. v. Sesser Concrete Products Co.*, 114 Ill. App. 2d 186, 252 N.E.2d 361 (1969) (*John Allan Co.*); *Pettigrove v. Parro Construction Corp.*, 44 Ill. App. 2d 421, 194 N.E.2d 521 (1963) (*Pettigrove*).

In *John Allan Co.*, the applicable period for a taxpayer to redeem his property expired on Saturday, August 12, 1967. Instead, the taxpayer redeemed his property on Monday, August 14, 1967. Although evidence was presented that indicated the clerk's office was open on Saturday, August 12, the court determined that pursuant to section 1.11 (Ill. Rev. Stat. 1969, ch. 131, par. 1.11), the expiration date for redemption was extended to the following Monday. *John Allan Co.*, 114 Ill. App. 2d at 191. Similarly, in *Pettigrove*, the court held that, as a practical matter, where an office is closed on the final day for the doing of any act provided by the law to be completed, that day should be excluded, and the act may take place the first day on which the clerk's office is open. 44 Ill. App. 2d at 426-27.

Illinois courts have also applied section 1.11 to determine the proper method for judgment debtors to stop the accrual of interest on a judgment. See *Halloran v. Dickerson*, 287 Ill. App. 3d 857, 869, 679

N.E.2d 774 (1997) (*Halloran*). In *Halloran*, after a judgment of $2.5 million was entered in favor of plaintiff, the estate of a motorist who had been killed in an automobile accident, the insurer for defendant, whose policy limit was $25,000, submitted payment of that limit and its calculation of interest up to that time to the clerk of court. When plaintiff requested that the clerk release the funds from the account, the insurer objected. Eventually, the parties agreed to suspend the accrual of interest. Thereafter, the circuit court held that the insurer was liable for additional interest. On appeal, the appellate court determined a method to calculate the interest owed on the judgment, utilizing section 1.11 to resolve the starting and ending dates of accrual. *Halloran*, 287 Ill. App. 3d at 863, 869.

●4 Although Illinois courts have applied section 1.11 in the cases discussed above, there is no precedent applying section 1.11 to the expiration of an accrual period for a penalty rate to redeem a tax purchase. Both petitioner and respondents submitted numerous examples of cases applying section 1.11,[3] but neither provided an explanation as to why the issues of redemption expiration and penalty accrual should be conjoined or bifurcated, and the Code contains no express provisions for dealing with this situation.

To resolve the issue of whether section 1.11 applies to the accrual of a penalty period in the instant case, it is necessary to determine whether the accrual of penalty rates constitutes an "act provided by law" to be completed unless the last day is a Saturday, Sunday, or holiday.

Phoenix argues that unlike the "act" of redemption, the accrual of a penalty rate is not an "act" that can be performed by the delinquent tax redeemer according to the wording of section 1.11. Phoenix misinterprets the clear and unambiguous statutory language of both sections 1.11 and 21—355. The plain meaning of section 1.11 allows for an extension of "time within which any *act provided by law*" is to be done, if the expiration of performance occurs on a Saturday, Sunday,

---

[3]See, *e.g., Board of Education of the City of Chicago v. Wolinsky*, 842 F. Supp. 1080 (N.D. Ill. 1993) (where the statute of limitations period for filing a civil action expires on a weekend or holiday when courts are closed, the period is extended to the next business day); *People v. Montenegro*, 203 Ill. App. 3d 314, 560 N.E.2d 934 (1990) (in computing the last day of the 120-day period within which a "speedy" trial must occur, holidays, Saturdays, and Sundays are not included); *Strozewski v. Sherman Equipment Co.*, 76 Ill. App. 3d 266, 395 N.E.2d 38 (1979) (motions to vacate orders are considered filed within statutory 30-day period where the thirtieth day following a dismissal order fell on a Sunday and the motion was filed the next day).

or holiday. (Emphasis added.) 5 ILCS 70/1.11 (West 1998). Similarly, section 21—355 unambiguously provides that a delinquent tax redeemer accrues a penalty which increases after the expiration of every six-month period until the termination of the 30-month redemption period.

In the case *sub judice*, the determination of the redemption date and the calculation of the penalty are interrelated to the extent that the penalty is fixed by the redemption date. Section 21—355 supports this construction in that it refers to "the accrued penalty, computed through the date of redemption"; and section 21—355(b)(4) provides for computation of the accrued penalty when the "redemption occurs *** before the expiration of 24 months from the date of sale." Here, since the redemption date (the "act provided by law") is to be computed by excluding January 30, 2000, because that date fell on a Sunday (section 1.11), then the computation of the 24-month period from the date of sale to the date of redemption as provided in section 21—355(b)(4) also must be accomplished by excluding January 30, 2000. Respondents, having redeemed on January 31, 2000, did so before the expiration of 24 months from the date of sale because January 30, 2000, was excluded in determining the date of redemption.[4]

Accordingly, the decision of the circuit court of Cook County to deny Phoenix's motion to expunge redemption is affirmed and the Bacinos properly redeemed the subject premises by paying the accrued penalty at four times the rate pursuant to section 21—355(b)(4).[5]

Affirmed.

HOFFMAN and BARTH, JJ., concur.

---

[4]This is not to say that, prior to the date of final redemption, section 1.11 should be construed as interfering with accrual of ongoing interest.

[5]Also, it should be noted that the State raised an additional argument that while the penalty rates increase every six months from the date of sale, the determination of the date on which the penalty increases is subject to approval by the clerk at the time the property owner tenders his redemption. The State did not provide case law in support of its contention in contravention of Supreme Court Rule 341(e)(7). 177 Ill. 2d R. 341(e)(7). Bare contentions without argument or citation of authority do not merit consideration on appeal. See *Fuller v. Justice*, 117 Ill. App. 3d 933, 942-43, 453 N.E.2d 1133 (1983). Therefore, this argument is waived. See *Nancy's Home of the Stuffed Pizza, Inc. v. Cirrincione*, 144 Ill. App. 3d 934, 939, 494 N.E.2d 795 (1986).