(No. 35866.—

John C. Weiner, Appellee, *vs.* Chicago Title and Trust Company, Trustee, *et al.*—(Isak Gustafson, Appellant.)

*Opinion filed Dec. 13, 1960.—Rehearing denied Jan. 18, 1961.*

ARTHUR B. SACHS, of Chicago, (WILLIAM C. WINES, M. PRIAL CURRAN, and NEIL GREENBAUM, of counsel, for appellant.

HOWARD B. BRYANT, ROBERT N. LIPSCHULTZ, CHARLES C. LIPSCHULTZ, and JULIA M. HAGERTY, all of Chicago, (SYDNEY WOLFE, of Chicago, of counsel,) for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is a direct appeal from a decree of the circuit court of Cook County dismissing for want of equity, petitions to vacate foreclosure decrees in 15 consolidated cases with substantially similar facts. A freehold is involved to give us jurisdiction.

Section 84—56 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1955, chap. 24, par. 84—56), authorizes a municipality to sell and assign special assessment liens, but does not spell out every step by which the sale and assignment may be consummated. (*People ex rel. Drobnick* v. *City of Waukegan,* 1 Ill.2d 456.) On May 26, 1955, the city of Calumet City passed an ordinance establishing "a program for the liquidation of the liens of delinquent special assessments held by the city of Calumet City," which provided for the sale at public auction of special assessment

judgment liens against specified parcels of real estate, including the parcels involved in this case. The ordinance further provided for notice and publication of the sale, the manner of conducting the sale, the issuance of certificates of sale and assignment, and the issuance of certificates of satisfaction of the liens upon surrender of certificates of sale and assignment. The validity of the ordinance is not contested.

The sale of the liens against approximately 6,000 lots specified in the ordinance was a public sale which commenced on September 21, 1955, attended by from 300 to 350 persons, and, because it was not completed on that day, was continued to the next day and was completed on September 22, 1955. No contention is made that the sale was not properly advertised and noticed in accordance with the ordinance which provided for publication in a newspaper of general circulation, notice to special assessment bond holders of record where ascertainable, and notice "by mail postpaid to each of the persons paying the taxes on the respective parcels during the last preceding year in which taxes were paid, at his residence as shown if reasonably ascertainable."

At the public sale, the appellee, John C. Weiner, was the highest bidder for a majority of the liens sold, including all of those involved in this case, but there were also sales of other liens to other bidders. The appellee, on September 22, 1955, delivered an uncertified check for $86,-757.70 to the city clerk of Calumet City, and also placed in the clerk's custody special assessment bonds having a total principal balance due of $622,423.23. The clerk accepted the check and bonds and agreed to hold them until an audit of accounts was made to determine the *pro rata* distribution due upon the bonds. The appellee represented that he would deposit additional bonds from time to time, which he did, so that by December 19, 1956, he had deposited bonds representing $771,832.81 of principal balance

due. Thereafter an audit was made, pursuant to which the city, on or about December 18, 1956, paid a total amount of $122,740.70 upon the bonds deposited by the appellee. On December 20, 1956, the appellee's check was deposited and cashed, and the bonds held by the clerk were cancelled.

The statute permits the municipality or the assignee of a judgment lien "at any time in its or his own name" to file a complaint to foreclose the lien. (Ill. Rev. Stat. 1955, chap. 24, par. 84—56.) Complaints in equity to foreclose the special assessment liens were filed by the appellee against the 15 parcels involved in this case on or about March 18, 1957. At that time the legal owner of these parcels was the Chicago Title and Trust Company, as trustee under a trust agreement dated May 18, 1954, and known as trust No. 36845. An officer of the title company testified that it was served with summons in the foreclosure cases and notified the beneficiary in each instance of that fact, advising the beneficiary that "we propose to take no action and are notifying you so that you may take whatever steps you desire." The foreclosure complaint also included as defendants all "unknown owners," such as the beneficiaries of trusts, and the publication required by statute was made in regard to them. No appearance was filed by the title company or by the beneficiary of the trust in any of the 15 cases, they were defaulted, and decrees of foreclosure were entered August 1, 1957.

Two years later, on or about August 14, 1959, petitions to vacate the foreclosure decrees were filed in the various foreclosure proceedings in the name of the title company as trustee. On November 27, 1959, the 15 cases were consolidated. In the course of the hearings on the petitions and answers thereto, the title company, through its officer, denied that it had authorized the filing of the petitions and thereupon withdrew as petitioner and resigned as trustee. At that time, title was conveyed out of the trust to the beneficiary, Isak Gustafson, the appellant here, who then entered

the case as intervening petitioner on December 8, 1959. Subsequently, on December 16, 1959, the trial court dismissed the petitions for want of equity and the appellant has appealed.

In substance, the petition to vacate alleged, and it is here contended, that the assignments of the tax liens to appellee were null and void because the payment to the city was not in cash as specified by the ordinance and that, in one of the 15 cases (Schimberg), a proper tender to redeem was made. Appellee, for his part, contends that the assignments were valid, that the appellant is barred by *res judicata,* estoppel and *laches,* that the city of Calumet City was a necessary party but was not so made by appellant, and that appellant was not entitled to redeem in the Schimberg case.

Section 84—56 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1955, chap. 24, par. 84—56,) permits a municipality to sell and assign judgment liens arising from special assessments without specifying any detailed requirements for such sale and assignment. The section was held by us to be constitutional in *People ex rel. Drobnick* v. *City of Waukegan,* 1 Ill.2d 456. The fact that the city of Calumet City was empowered to pass the ordinance is not questioned here. The city accepted a check for $86,757.70, secured by bonds ultimately worth $122,740.70, as proper payment in cash for the sale and assignment of liens sold for approximately the amount of the check. The city clerk had agreed that the amount was correct, and although the appellant contends that the sale price was about $89,000, the abstract he has filed does not establish that amount, nor would the difference be important in view of the value of the security in excess of the greater amount. The check was paid and the city received the amount it had bargained for at a public sale where the appellant had an equal right and opportunity to bid higher amounts for judgment liens which he had permitted to attach to his property by his failure to pay duly levied special assessments.

In support of his contention that the bid and purchase were void, appellant offered to prove that there were insufficient funds on deposit when the check was issued and delivered, but was not allowed to introduce such proof. Since the check was paid when it was deposited at a later date and since the city was willing to rely upon the security deposited with the check instead of insisting upon a bank draft or cashier's check, the city through its officers, accepted the check and security as cash. Although a different situation may have arisen if the check had been deposited earlier and returned to the city for insufficient funds, this did not occur and speculation regarding it was properly excluded.

The appellant contends that a proper tender to redeem was made in the Schimberg case. In that case, the time for redemption expired on September 19, 1959. On September 21, a petition for a deed was filed and on September 23, 1959, a decree directing the issuance of a tax foreclosure deed was entered. On September 23, after the judge had indicated that the tax foreclosure deed should issue but before he signed the decree, the appellant offered in open court to redeem. In *People* v. *Altman*, 9 Ill.2d 277, 281, we held "that the statute means that there may be redemption after the expiration of two years from the date of sale and until the determination of compliance with the statutory requirements has been made." In the Schimberg case, the attempt to redeem was made after the "determination of compliance" and before the "mechanical act" of signing the decree, so that the attempted redemption came too late and we need not decide whether proper tender was made. The decree dismissing the petitions in the consolidated cases for want of equity was correct and is affirmed.

*Decree affirmed.*