*In re* APPLICATION OF THE COUNTY COLLECTOR FOR JUDGMENT ORDER OF SALE AGAINST LANDS AND LOTS FORFEITED FOR NONPAYMENT OF GENERAL TAXES AND SPECIAL ASSESSMENTS FOR THE YEAR 1985 AND PRIOR YEARS (Ron Ohr, Petitioner-Appellee, v. Travelers Mortgage Services, Inc., *et al.*, Respondents-Appellants).

First District (5th Division)   No. 1—90—0665

Opinion filed October 18, 1991.

Arthur M. Holtzman, of Pedersen & Houpt, and Richard E. Zulkey, of Zulkey, Pikarski & Gordon, both of Chicago, and James J. Kenny, of Park Ridge, for appellants.

Joel S. Ostrow, of Chicago, for appellee.

JUSTICE McNULTY delivered the opinion of the court:

On October 16, 1989, the trial court denied a motion by Travelers Mortgage Service (Travelers) to dismiss tax petitioner Ron Ohr's application for an order directing the county clerk to issue a tax deed. Pursuant to a hearing held on January 22, 1990, the trial court ordered the tax deed to be issued to Ohr. Travelers appeals both the denial of its motion to dismiss Ohr's application and the order directing the issuance of a tax deed to Ohr.

On February 11, 1987, petitioner Ron Ohr purchased the delinquent 1985 real estate taxes on the property at 6221 North Glenwood Avenue in Chicago. On May 27, 1989, Ohr visited the property and learned that one of the former title holders, Martin Mostyn, was deceased and the property was occupied by Jane Mostyn and her brother, John Keckeisen. On May 31, 1989, Ohr rechecked the county records, filed a petition for tax deed, and on June 4 and 10 timely served the interested parties (Mostyn and Keckeisen) with notice of his petition and the appropriate period for redemption of the property (until October 16, 1989).

On June 21, 1989 (after receiving Ohr's notice), Jane Mostyn executed a mortgage with Travelers Mortgage Services. The mortgage was recorded on June 23 before the termination of the redemption period, but after Ohr's search for and notice to interested parties. On June 27, 1989, Travelers issued its corporate check in the amount of $6,401.53 to Stanley Kusper, Jr., county clerk of Cook County, in payment of the estimated cost of redemption of the real estate at issue. This check was returned without explanation to Travelers, which resubmitted it on September 28. Again this payment was returned.

On October 16 the redemption period ended, and on November 9 Ohr filed an application for an order directing the county clerk to issue a tax deed. On December 19, 1989, the circuit court denied Mostyn's and Travelers' motion to dismiss Ohr's application (Mostyn and Travelers contended that they had made a valid attempt at redemption), and on January 22, 1990, held a hearing in which it denied further objections by Travelers. An order directing the county clerk to issue a tax deed was entered on February 14, 1990, and the deed was subsequently issued to Ron Ohr.

Both Travelers and Mostyn argue that the circuit court erred in denying Travelers' motion to dismiss Ohr's application for a tax deed. They contend that although Travelers' attempts to redeem the

property were unsuccessful, nonetheless such actions were in "substantial compliance" with the statute (Ill. Rev. Stat. 1989, ch. 120, par. 734) and furnished the trial court with adequate grounds to dismiss Ohr's application for a tax deed. Section 253 of the Illinois Revenue Act of 1939 (as amended) (Ill. Rev. Stat. 1989, ch. 120, par. 734) provides in pertinent part that a party attempting to redeem real estate must make payment in cash, cashier's check, certified check or money order to the county clerk of the proper county, in the amount for which the property was sold plus all subsequent taxes and special assessments with 12% penalty. In the instant action, Travelers made payment by personal check to the county collector in the amount for which the property at issue had been sold. (The estimate for redemption had been prepared by the county clerk and did not include the 1988 taxes or the 12% penalty. In spite of this omission, Travelers sent a separate check to cover payment of the delinquent first installment 1988 taxes to the Cook County collector, which payment was also returned for unknown reasons.)

Although, as Travelers asserts, courts do look with favor upon redemption from tax foreclosure sales and give liberal construction to redemption laws, they also maintain that redemption is a statutory privilege and must be exercised in substantial compliance with the statute. In fact, in *In re Application of County Treasurer* (1978), 57 Ill. App. 3d 550, 373 N.E.2d 870, a case cited by Travelers to support its liberal construction argument, the appellate court reversed the trial court's finding of a valid redemption based on a too broad reading of the Illinois mailing statute.

There are other cases more supportive of Travelers' contentions. In *In re Application of County Treasurer* (1980), 84 Ill. App. 3d 506, 510, 405 N.E.2d 869, 872 (*Atlantic Municipal Corporation v. McGuirk*), the appellate court upheld the trial court's finding of a valid redemption when the taxpayer sent his check to the incorrect county official. (The *McGuirk* court found that a cashier's check made payable to the Du Page county treasurer rather than the county clerk and postmarked on the last day of the redemption period was a reasonable mistake having no bearing on the validity of the redemption. Additionally, the county clerk had mailed the McGuirks a certificate of redemption after the cashier's check had been deposited.)

Other appellate court decisions have found the existence of a valid redemption when personal checks have been accepted by the county clerk. In *In re Application of Williamson County Collector* (1984), 128 Ill. App. 3d 408, 409-10, 470 N.E.2d 1193, 1195, the reviewing court upheld the trial court's finding of a valid redemption when pay-

ment had been made by personal check, even though the check had later been dishonored and reissued after the expiration of the period of redemption. Additionally, the clerk had issued a certificate of redemption. (The *Williamson* court also noted that the case involved an unusual factual situation, unlikely to recur.) See also *John Allan Co. v. Sesser Concrete Production Co.* (1969), 114 Ill. App. 2d 186, 252 N.E.2d 361, and *Weiner v. Chicago Title & Trust Co.* (1960), 21 Ill. 2d 69, 171 N.E.2d 50, which indicate that the acceptance of a personal check by the county clerk and the issuance of a certificate of redemption will effect a valid redemption. But see *Weiner v. Eder* (1961), 22 Ill. 2d 408, 176 N.E.2d 777, in which the Illinois Supreme Court determined that a valid redemption had not been made when appellee deposited a personal check with the county clerk, who declined to issue a certificate until the check had been honored by the bank. (By the time the check had cleared, the redemption period had expired and the clerk correctly refused to issue a certificate.) While these cases imply that this court will uphold the actions of a county official who incorrectly accepts a proffered personal check and issues a certificate of redemption, they do not support the argument that a court should order the county clerk to accept payment made in an incorrect legal tender.

Additional case authority indicates that a taxpayer may find relief from redemption requirements (such as submitting an incorrect amount of payment) if the mistake was caused by a clerk's error. See *In re Application of County Treasurer & Ex Officio County Collector* (1987), 171 Ill. App. 3d 644, 525 N.E.2d 852. See also *In re Application of the County Treasurer & Ex Officio County Collector of Cook County, Illinois, for Judgment & Order of Sale Against Real Estate Rendered Delinquent for the Nonpayment of 1980 Taxes* (1989), 185 Ill. App. 3d 789, 542 N.E.2d 397.

■■■ Thus the liberal construction argument and the policy in favor of redemption support a finding of a valid redemption in the following limited circumstances: (1) when a payment in the correct legal tender was timely made and accepted by the incorrect county official, who also issued a certificate of redemption (*McGuirk*, 84 Ill. App. 3d 506, 405 N.E.2d 869); (2) when a payment in the incorrect legal tender (personal check) was made and accepted by the correct county official, who also issued a certificate of redemption (*Williamson*, 128 Ill. App. 3d 408, 470 N.E.2d 1193; *John Allan Co.*, 114 Ill. App. 2d 186, 252 N.E.2d 361; *Weiner v. Chicago Title & Trust Co.*, 21 Ill. 2d 69, 171 N.E.2d 50); and finally (3) when the taxpayer's mistakes were due to a clerk's error. (*In re Application of County Treasurer & Ex Offi-*

*cio County Collector*, 171 Ill. App. 3d 644, 525 N.E.2d 852.) The problems with the attempted redemption in the case at bar are too numerous to be encompassed by any of the above scenarios in which a valid redemption was found. In the instant action not only was payment made to the wrong county official, but it was made in the wrong type of tender AND was not accepted by the county clerk. Furthermore, no certificate was ever issued. Additionally, although the clerk's office did make the mistake of not including the real estate taxes in the estimate, this mistake was overcome because Travelers made a separate payment of real estate taxes. For all of the above reasons, we find that the trial court correctly determined that a valid redemption had not been made and appropriately denied Travelers' and Mostyn's motion to dismiss Ohr's application for a tax deed.

Travelers and Mostyn further contend that the circuit court erred in issuing a tax deed to Ohr, as Ohr did not provide them with the statutorily required notice.

■ Sections 263 and 266 of the Illinois Revenue Act of 1939 (as amended) (Ill. Rev. Stat. 1989, ch. 120, pars. 744, 747) require that between three and five months prior to the expiration of the redemption period, a petitioner for a tax deed must give written notice to "the owners, occupants and parties interested" in the property of the "sale and the date of expiration of the period of redemption," "the fact of filing a petition for a tax deed and the date on which he intends to apply in the circuit court for an order for a deed if the real estate is not redeemed from the sale." Illinois courts have required strict compliance with these regulations. *In re Application of Cook County Collector* (1981), 100 Ill. App. 3d 178, 426 N.E.2d 947 (*Ohr v. Prairie Material Sales, Inc.*).

In the case at bar, the period of redemption ended on October 16, 1989. The appropriate period of notice (between three and five months before the end of this period) began on May 16, 1989, and ended on July 16, 1989. Ohr made a search for "owners, occupants and parties interested" as of May 31, 1989. On June 4 and June 10, Ohr served the interested parties of record. (Jane Mostyn, owner, and John Keckeisen, occupant.) Travelers' loan to Mostyn was concluded on June 21, 1989, and its interest in the property was recorded on June 23 after Ohr had completed the statutorily required search and notice obligations.

Travelers argues that its interest in the property was recorded within the notice period, and that a liberal construction of the search and notice procedures would require Ohr to make additional later searches in an effort to discover and notify any other persons who

had recorded interests in the property as of any later date in the notice period. While urging this statutory interpretation, Travelers notes that there are no reported decisions in which either the appellate court or the supreme court has addressed the question of whether the tax deed petitioner is obligated, as part of his diligent inquiry, to update his search and notify persons with interests in the property that were recorded later in the notice period.

■■ A judicial determination that a tax purchaser is required to repeat his search and notification procedures throughout the notice period would substantially alter the obligations imposed by sections 263 and 266 of the Revenue Act, which do not require that notice (or inquiry into who is entitled to such notice) be conducted on the last day of the two-month period, but only that it be accomplished during that period, thus implying that even inquiry and notice on the first day of the notice period would be sufficient. The imposition of additional réquirements on a tax petitioner requires modification of the statute, which is a legislative rather than a judicial prerogative. See *Fisher v. Rhodes* (1974), 22 Ill. App. 3d 978, 317 N.E.2d 604.

Furthermore, as noted by the trial judge, the petition for tax deed is a public record and is discoverable by any person who takes an interest after its filing. Also, the judgment and sale records, together with the warrant book, are public records which should be inspected by and would give notice to a *bona fide* purchaser of property. Thus, Travelers had the opportunity to learn of Ohr and his efforts to purchase the property at issue. A careful inspection of the public records would have revealed both the sale of the property for back taxes and the application for a tax deed.

For these reasons, we affirm the finding of the trial court that Ohr properly notified all parties of record. Travelers' interests were recorded after the notices had been sent and statutory requirements do not require additional search and notice procedures.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

LORENZ, P.J., and GORDON, J., concur.